(No. 53730.—

WAYNE LEE THORNTON, Appellee, v. ILLINOIS FOUNDERS INSURANCE COMPANY, Appellant.

*Opinion filed March 18, 1981.*

366

Thomas, Mamer, Haughey & Miller, of Champaign (Howard W. Small, of counsel), for appellant.

James Walker, Ltd., of Bloomington (John R. Bailen, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

Wayne Lee Thornton (plaintiff) filed a garnishment action in the circuit court of McLean County against Illinois Founders Insurance Company (Illinois Founders), the insurer for Ben Paul and Ben's Den, Inc. (defendants), against whom plaintiff had been awarded a $30,000 default judgment for personal injuries. The trial court held that the exclusion clause in the policy of insurance relating to incidents arising out of assault and battery applied, thereby relieving Illinois Founders of liability. A majority of the appellate court reversed and remanded, finding that the trial court erred in striking certain evidence and in allowing costs incurred on appeal. (85 Ill. App. 3d 121.) This court allowed Illinois Founders' petition for leave to appeal.

This case has previously been before this court; therefore, we will only review the facts necessary for an understanding of the issues. (For a full recital of the facts, see *Thornton v. Paul* (1978), 74 Ill. 2d 132.) In the early morning hours of January 1, 1973, Ben Paul, the proprietor of a tavern (Ben's Den, Inc.), struck plaintiff on the head with a wooden club after plaintiff and his friends, who were drinking in the tavern and were allegedly rowdy and loud, refused to leave the premises at Paul's insistence. Paul was charged with the offense of aggravated battery. After a bench trial on stipulated facts, he was convicted of the lesser offense of battery. Plaintiff then filed a complaint against defendants, alleging wilful and wanton con-

duct, for personal injuries incurred in the January 1 incident.

Defendants notified their insurer, Illinois Founders, of the pending action and requested that it defend as provided in its policy of insurance. Illinois Founders refused, claiming the policy excluded incidents arising out of assault and battery. Although plaintiff later amended his complaint to add an allegation of negligence, Illinois Founders still refused to defend. Before the default judgment was entered, the parties entered into an agreement whereby plaintiff, in consideration of $100, agreed not to execute upon any judgment it might obtain against defendants and would seek satisfaction only from Illinois Founders. Subsequent to the default, plaintiff brought the instant garnishment proceeding. At the conclusion of the garnishment hearing, Illinois Founders was ordered to pay the $30,000 judgment. Thereafter, Illinois Founders filed a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72) to vacate the default judgment. The petition was denied. Illinois Founders appealed from both orders, and the appellate court affirmed. (51 Ill. App. 3d 337.) On appeal, this court affirmed the appellate court as to the denial of the section 72 petition but reversed and remanded as to the garnishment proceeding. The court found that Illinois Founders' refusal to defend did not prevent its assertion of the defense of noncoverage. This finding was based upon the conflict of interests that would have arisen if Illinois Founders had undertaken the defense of defendants. This court further ruled that Paul's criminal conviction was admissible as *prima facie* evidence that a battery was committed, thereby preserving the "opportunity to rebut the factual basis of the conviction insofar as those facts are applicable to the civil proceeding." 74 Ill. 2d 132, 151.

Upon retrial the only evidence introduced by plaintiff in his case in chief was the policy of insurance entered into

by defendants and Illinois Founders. Under the policy "occurrence" was defined as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." In addition, the following exclusion was appended to the policy:

"EXCLUSION OF ASSAULT AND BATTERY
It is agreed that the insurance does not apply to Bodily Injury or Property Damage arising out of assault and battery or out of any act or omission in connection with the prevention or suppression of such assault and battery."

Ben Paul was called as a witness by Illinois Founders. He testified to the following version of the occurrence. The plaintiff and four other men entered Ben's Den and began drinking. When they became rowdy, Paul repeatedly asked them to quiet down. He finally asked them to leave, but they refused. Plaintiff stated that he was going to "whip" Paul. Paul came around the bar with a stick, initially hoping to convince plaintiff to leave. When plaintiff refused, Paul struck him with the stick. Paul stated that he intended to strike plaintiff when the blow was struck. On cross-examination Paul stated that plaintiff and his friends were scuffling and throwing beer bottles and glasses.

Plaintiff was called as an adverse witness by Illinois Founders. He stated that, when he refused to leave the tavern at Paul's request, Paul came from behind the bar and struck him in the head with a pool cue. Patrick Dawson, one of plaintiff's companions on the night in question, was called as a witness by plaintiff on rebuttal. He testified to substantially the same version of the incident.

The trial court made the following ruling:

"that the proceedings which resulted in Ben Paul's conviction of battery were essentially equivalent to a judgment of conviction upon a negotiated plea of guilty to a lesser included offense.
***
The mandate of the Illinois Supreme Court directs this

court to consider only whether the defense of non-coverage that the defendant Paul's conduct constituted a battery, could be established. The cases seem to limit explanations concerning criminal convictions to the reasons why the defendant decided to plead guilty (or in this case, to stipulate to facts establishing guilt). The cases appear not to permit the defendant to offer an explanation in the nature of justification, self-defense or excuse. Since such explanations are impermissible, and the other defense of non-coverage that the Defendant Paul was engaged in acts 'in connection with the prevention or suppression of such assault and battery' is beyond the express terms of the mandate, the testimony of the plaintiff, the plaintiff's friends and the Defendant Paul relative to the plaintiff and his friends fighting and damaging property in Ben's Den and the defendant's attempt to abate such activities is inadmissible and ordered stricken.

The record in this garnishment hearing, purged of inadmissible testimony relative to justification and the activities of the defendant to suppress assault and battery, does establish an intentional striking of the plaintiff by the Defendant Paul and the injury of the plaintiff. Thus, even though the Defendant Paul's conduct constituted negligence, there is also sufficient evidence that it constituted the intentional tort of battery which is excluded from coverage under the policy."

At the conclusion of the garnishment proceeding, the trial court conducted a hearing on costs. The trial court awarded Illinois Founders $3,169.53 as costs incurred in this court. Included were attorney fees and the appeal-bond premium. Plaintiff appealed both orders.

The appellate court held (1) that the provisions of the insurance policy were ambiguous; (2) that Illinois Founders was not precluded from raising noncoverage defenses in addition to the exclusion provision; (3) that the trial court erred in striking the testimony presented at the garnishment proceeding regarding the events of January 1, 1973; and (4) that the trial court was not authorized to assess costs incurred in the reviewing courts.

In interpreting a contract of insurance the general rule is that where the provisions of a policy are clear and unambiguous, it is the duty of the court to enforce them according to their plain meaning. (*Kirk v. Financial Security Life Insurance Co.* (1978), 75 Ill. 2d 367, 370-71.) The appellate court found that the definition of "occurrence" in the policy, by itself, would exclude any intentional or wilful act. The court then found that this definition rendered the "exclusion of assault and battery" provision redundant "since a battery necessarily involves an intentional act." The court concluded that the policy was ambiguous since "the battery exclusion removes from coverage something which was never included." We believe the appellate court erred in reaching this conclusion. Both clauses are clear and precise on their face. The "occurrence" definition sets out broadly the type of event covered by the policy of insurance, that is, "an accident *** neither expected nor intended from the standpoint of the insured." This definition, read together with the exclusion provisions, creates no conflict. It is clear that, under the policy, acts constituting a battery are excluded, as are intentional acts of the insured. The fact that a battery is necessarily an intentional act does not create ambiguity. Merely because these provisions tend to overlap does not render them conflicting.

We next consider if the trial court appropriately excluded the evidence introduced in the garnishment proceeding. In our previous decision, this court remanded the cause to the trial court to allow the insurer to assert its defenses of noncoverage. We did not limit the remand to the defense based on the battery conviction as concluded by the trial court. In that decision this court also stated, "We are not concerned here with the effect of a guilty plea." (74 Ill. 2d 132, 151.) Although in *People v. Stepheny* (1974), 56 Ill. 2d 237, and *People v. Smith*

(1974), 59 Ill. 2d 236, the court found that certain methods of "stipulation" were the equivalent of a guilty plea, not all stipulations of fact transform a conviction into a guilty plea. In *Stepheny,* a bench trial was conducted after the defendant pleaded not guilty to the offense charged. After the trial commenced, the court and defendant's attorney agreed that, regardless of the evidence, the defendant would be found guilty of manslaughter and sentenced to 10 to 20 years' imprisonment. The trial was thus a sham. In *Smith,* the parties stipulated to the facts of the occurrence and also that such evidence was sufficient to convict. In both cases, it was held that the "stipulations" amounted to the equivalent of a guilty plea and that each defendant's right to full admonishments under Supreme Court Rule 402 (73 Ill. 2d R. 402) had been violated.

These cases are distinguishable from the case before us. There is no evidence that Paul's criminal trial was a sham, as in *Stepheny,* or that he stipulated that the evidence was sufficient to convict, as in *Smith.* The appellate court found that where a defendant stipulates to facts underlying an offense but leaves the determination of guilt or innocence based on those facts to the trier of facts, the stipulation is not the equivalent of a guilty plea. We agree.

Illinois Founders urges this court not to remand this case to the trial court for introduction of further testimony. It argues that the evidence introduced by plaintiff does not rebut the *prima facie* case of battery established by Paul's conviction and that, therefore, the exclusion of the policy applies.

From a review of the record, we conclude that the total evidence introduced in the garnishment proceeding is not sufficient, as a matter of law, to overcome the *prima facie* evidence that a battery occurred.

For another reason, we find defendants were not

covered under the policy of insurance. The testimony elicited from Paul established that when he struck the plaintiff he did so intentionally. Therefore, under the policy, the acts of Paul would not be covered since the definition of "occurrence" includes only acts "neither expected nor intended from the standpoint of the insured."

Plaintiff claims that it was error for the trial court to award Illinois Founders costs on appeal. This issue was answered in *People v. Nicholls* (1978), 71 Ill. 2d 166, 177-78. "The matter of assessing costs is governed by statute." There is no statutory authority enabling the trial court to tax costs which are incurred in the reviewing courts. (Ill. Rev. Stat. 1979, ch. 33, par. 1 *et seq.*) We also point out that the trial court's award of attorney fees and the appeal-bond premium was erroneous. Attorney fees and the cost of an appeal-bond premium are not items of cost allowable to a successful litigant in the absence of statute or agreement of the parties. See *People ex rel. Horwitz v. Canel* (1966), 34 Ill. 2d 306, 308; *Meyer v. Marshall* (1976), 62 Ill. 2d 435, 439.

For the reasons stated, that portion of the appellate court judgment reversing the trial court's award of costs on appeal is affirmed. That portion of the appellate court judgment remanding the cause for further proceedings because of the finding of ambiguity is reversed. The judgment of the circuit court is vacated, and the cause is remanded to that court for entry of a judgment in conformance with the views expressed herein.

*Appellate court affirmed in part and reversed in part; circuit court vacated; cause remanded, with directions.*