STATE of Iowa, Appellee,

v.

Jerry Joe EVERETT, Appellant.

No. 84–1465.

Supreme Court of Iowa.

July 31, 1985.

Charles L. Harrington, Appellate Defender, and Raymond E. Rogers, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Rebecca L. Claypool, Asst. Atty. Gen., James A. Smith, Co. Atty., and Nan M. Horvat, Asst. Co. Atty., for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, LARSON, SCHULTZ, and CARTER, JJ.

HARRIS, Justice.

After a bench trial defendant was convicted of second degree robbery. *See* Iowa Code §§ 711.1 and 711.3 (1983). By stipulation the trial record consisted of the minutes of testimony attached to the county attorney's information. The sole question on defendant's appeal is whether the trial court, because of the practical impact of the stipulation, was required to advise defendant of the stipulation's likely consequences in accordance with the procedure

prescribed for taking guilty pleas under Iowa rule of criminal procedure 8(2)(b). Because we find there was no such requirement we affirm.

Defendant was convicted of what in street parlance is called a strong-arm robbery. He is on firm ground in insisting that the evidence of his guilt was overwhelming. The minutes of testimony contained highly incriminating, credible, competent, and seemingly unassailable evidence.

The victim and a bystander described defendant's crude attack and gave positive identification. Defendant was apprehended within a few minutes close to the site of the crime. The stolen goods were recovered in the precise spot where the bystander said defendant had left them. Police officers' testimony regarding defendant's capture corroborated the testimony of the victim and bystander.

The prosecutor and defendant's trial attorney stipulated to submit the case on these minutes of testimony; the trial court agreed and declared the case submitted. Defendant was found guilty and appeals, assigning only the trial court's failure to inquire to ensure that defendant's stipulation was voluntary and intelligent. It is a constitutional claim. It is grounded entirely on a defendant's clear due process right to the assurance that a guilty plea is voluntary and intelligent. *See Henderson v. Morgan,* 426 U.S. 637, 645, 96 S.Ct. 2253, 2257–58, 49 L.Ed.2d 108, 114 (1976); *Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 1711–13, 23 L.Ed.2d 274, 279–80 (1969); *Brainard v. State,* 222 N.W.2d 711, 722–23 (Iowa 1974).

It has become axiomatic under these and other authorities that fundamental due process requires a guilty plea to be voluntary and intelligent. Our own cases on the question indicate conflicting views on what was necessary to demonstrate that a guilty plea was knowing and voluntary. *Compare Brainard, supra* and *State v. Fluhr,* 287 N.W.2d 857, 863–68 (Iowa 1980) with *State v. Reaves,* 254 N.W.2d 488, 493 (Iowa 1977). Our conflicting views were in effect supplanted by the adoption of Iowa R.Crim.P. 8(2)(b) which details what a court must do to ensure that a plea is knowing and voluntary. Compliance with rule 8(2)(b) would ordinarily satisfy due process requirements.

Where we differ with defendant is at the next step in his position, the premise that his stipulation was the same as a guilty plea. The premise is essential to his argument that the stipulation could not be accepted without compliance with the procedure outlined in rule 8(2)(b).

The question is one of first impression with us and authorities elsewhere are in a three-way conflict. Some courts take the view espoused by defendant and require a colloquy in all criminal cases which are submitted on stipulated facts. *See Bunnell v. Superior Court of Santa Clara County,* 13 Cal.3d 592, 605, 119 Cal.Rptr. 302, 310, 531 P.2d 1086, 1094 (1975). ("[I]n all cases in which the defendant seeks to submit his case for decision on the transcript or to plead guilty, the record shall reflect that he has been advised of his [rights and] that he understands the nature of the charges.") A middle view requires such a colloquy only in certain cases. *See Thornton v. Illinois Founders Insurance Company,* 84 Ill.2d 365, 372, 49 Ill.Dec. 724, 728, 418 N.E.2d 744, 747–48 (1981) (Where the stipulation is equivalent to a guilty plea the defendant must be fully given the admonishments, but need not be when the stipulated facts leave it to the fact finder to determine the guilt or innocence based on those facts.) A third view recognizes no essential similarity between a guilty plea and submission by stipulated evidence and hence requires no colloquy. *See State v. Avila,* 127 Ariz. 21, 23, 617 P.2d 1137, 1139 (1980) (Rule requiring colloquy when stipulation "was tantamount to a guilty plea" was overruled because it had "entangled the trial courts in a series of procedural and substantive obstacles" and was "condemned as unworkable.").

The federal courts are also split on the question. According to one view, where a procedure is the functional equivalent of a

guilty plea, the requirements of the federal rule analogous to our rule 8(2)(b) are applicable. *See United States v. Strother,* 578 F.2d 397, 402–05 (D.C.Cir.1978); *United States v. Dorsey,* 449 F.2d 1104, 1107 (D.C. Cir.1971); *United States v. Brown,* 428 F.2d 1100, 1102–04 (D.C.Cir.1970).

The Ninth Circuit sees no need for such a practice, and other circuits are inclined towards this view. *See United States v. Schuster,* 734 F.2d 424, 425 (9th Cir.1984) ("It is the law of this circuit that the admonition required by rule 11 [the federal counterpart to rule 8(2)(b) ] applies only to pleas of guilty or nolo contendere.") At least two other circuits agree. *See United States v. Robertson,* 698 F.2d 703, 708 (5th Cir.1983) ("the considerations that led to the formal procedures contained in rule 11 are not equally applicable to the not guilty plea situation"); *United States v. Lawriw,* 568 F.2d 98, 105 n. 13 (8th Cir.1977) (An inquiry as thorough as that prescribed by federal rule of criminal procedure 11 is not required by the district court which accepts a stipulation of facts establishing guilt.).

The following language (in response to a dissenting opinion) from the Ninth Circuit seems to us compelling:

> The dissent would include stipulations within the ambit of Rule 11. This would unduly encumber trials now often shortened by stipulation of evidence ..., and other important matters. To require a Rule 11 examination on every stipulation containing a vital admission of the defendant would add ritualistic formalities where none are needed nor required. Here, appellant and his trial counsel were following the usual procedure to preserve the right to appeal the speedy trial question. If Rule 11 were to be applied only to stipulations constituting de facto pleas of guilty, when and how is that determination made? Every stipulation of a vital fact is an admission tending to establish guilt. Rule 11 specifically applies to pleas of guilty and *nolo contendere* and not to trials. These are areas with a clear division between them. They are either black or white. To create a gray area where stipulations, as a part of a trial, would be governed by the rules on the acceptance of pleas would further complicate the trial judge's duties and push him further into the role of an advocate.

*United States v. Terrack,* 515 F.2d 558, 561 n. 3 (9th Cir.1975).

■ The better rule emerging from these authorities rejects any due process requirement to undertake a guilty plea colloquy prior to accepting a stipulated factual record. This is the rule we adopt and, so doing, we reject defendant's assignment of error. We do not suggest that it would be impossible to imagine some extreme case such as described by the Illinois court as a sham (stipulation that, regardless of evidence, a defendant would be found guilty of manslaughter and sentenced to ten or twenty years imprisonment ... or stipulation of facts and that such evidence was sufficient to convict). *Thornton,* 84 Ill.2d at 372, 49 Ill.Dec. at 728, 418 N.E.2d at 747.

■ The stipulation here did allow the admission of overwhelming evidence of defendant's guilt. But it still remained for the finder of fact to determine whether the elements of the offense were shown beyond a reasonable doubt. Defendant had a chance of an acquittal. Moreover, as the State points out, the appellate consequences after a conviction based on a stipulation differ from what they would have been following a guilty plea. This defendant could and did appeal. On the other hand a guilty plea would have waived all defenses or objections which were not intrinsic to the plea itself. *State v. Morehouse,* 316 N.W.2d 884, 885 (Iowa 1982).

Defendant's due process rights were not violated for lack of the procedure provided in rule 8(2)(b).

AFFIRMED.