**STATE of Iowa, Appellee,**

v.

**Nathan Arthur SAYRE, Jr., Appellant.**

**No. 96–815.**

Supreme Court of Iowa.

July 23, 1997.

**194**

Linda Del Gallo, State Appellate Defender, and Kevin Cmelik, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Richard J. Bennett, Assistant Attorney General, Gerald N. Partridge, County Attorney, and Barbara Edmondson, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

At issue in this appeal is whether the defendant, Nathan Sayre, stipulated to a bench trial on the minutes or pled guilty to the offense of eluding a law enforcement vehicle in violation of Iowa Code section 321.279 (1995). Unable to definitively ascertain an answer from the record, we reverse the conviction and remand for further proceedings.

In a series of trial informations filed in the Iowa District Court for Washington County, the defendant was charged with numerous offenses, including a charge of eluding a law enforcement vehicle filed in case number 4126. On March 5, 1996, the defendant and the State filed a plea agreement which set forth a proposed resolution of all of the pending charges. Among other things, the plea agreement specified the defendant would not be pleading guilty to the charge of eluding but would agree to an "uncontested, non-jury trial on the minutes."

Following a guilty plea hearing on March 5 in which the defendant pled guilty to another offense, the court asked his counsel if he wished to make any record in connection with case number 4126. Defense counsel then represented to the court that it was the defendant's intention to allow himself "to be tried in a trial to the bench not to a jury and to be tried on the minutes of testimony" with respect to the eluding charge.

The defendant filed a written waiver of his right to a jury trial and a hearing was held on April 1 at which the court addressed the charge of eluding:

STATE: With respect to 4126, Your Honor, that is a two count charge. One is driving under suspension, and the other is eluding. The State pursuant to plea agreement is going to dismiss Count I, and I have a motion for that, *and Defendant*

*while not entering an actual plea will agree to a trial on the minutes and finding of guilt on the eluding charge.*

DEFENSE COUNSEL: *That's correct, Your Honor.* Previously in court my client waived his right to have a jury trial in this matter. The Court also instructed me to take care of this with a written waiver of jury trial which I filed today.

THE COURT: Mr. Sayre, your lawyer has filed a written waiver of jury trial. The rule requires that it be done in writing and on the record. Do you also on the record waive your right to jury trial with regard to cause No. 4126?

THE DEFENDANT: Yes, sir.

THE COURT: Let's do an order on this, Cathy.

It is hereby ORDERED that the State of Iowa's Motion to Dismiss Count I of the Trial Information is hereby sustained and Count I is dismissed at the Defendant's cost.

With regard to Count II of the Trial Information, the Defendant has waived his right to a jury trial and has asked the Court to make a ruling with regard to the evidence as shown by the minutes of testimony. Based upon that record it is the finding of the Court that Defendant is guilty of the crime of eluding, in violation of Code Section 321.279 of the Code of Iowa. The Court finds Defendant guilty of Count II of the Trial Information. Dated today. Signature line.

(Emphasis added.)

The court then proceeded to accept the defendant's guilty pleas on other charges and to sentence him on all of the offenses, including the charge of eluding.

Also on April 1, the court filed an order and a judgment entry which contained conflicting characterizations as to the nature of the defendant's stipulation. The substance of the written order was consistent with the order the court had dictated into the record at the hearing. It specified the defendant had waived his right to a jury trial and had asked the court to rule based on the minutes of testimony, and the court had found him guilty of the crime of eluding. In contrast,

the judgment entry filed on the same date stated the defendant had been adjudicated guilty "[b]ased on the guilty plea of the defendant entered in this case on April 1, 1996."

The defendant has appealed. He argues his stipulation was tantamount to a plea of guilty and the trial court violated his constitutional right to due process by not conducting a colloquy to ensure the plea was intelligently and voluntarily given. U.S. Const. amend. XIV, § 1. He requests the plea be vacated and the case remanded for further proceedings.

■ A defendant's contention that a trial court failed to make the necessary inquiry to ensure that a guilty plea was voluntary and intelligent is a constitutional claim. *State v. Everett,* 372 N.W.2d 235, 236 (Iowa 1985). "When we consider a challenge to a guilty plea proceeding involving constitutional safeguards, we make an independent evaluation of the circumstances as shown by the entire record, which we review de novo." *State v. Oldham,* 515 N.W.2d 44, 46 (Iowa 1994).

■ Fundamental due process requires a guilty plea be voluntary and intelligent. *Everett,* 372 N.W.2d at 236. Iowa Rule of Criminal Procedure 8(2)(b) specifies the colloquy in which a court must engage to ensure that a plea is knowingly and voluntarily made. *See id.*

■ This court has previously held a bench trial on a stipulated factual record is not the same as a guilty plea proceeding, and due process does not require the court to undertake a guilty plea colloquy prior to accepting a stipulated factual record. *See id.* at 237. This distinction results from the fact that in the context of a stipulated bench trial the decision of whether to convict remains with the fact finder no matter how overwhelming the evidence of guilt. *See id.; State v. Huss,* 430 N.W.2d 621, 624 (Iowa 1988).

In *Everett* we recognized it was not impossible to imagine some extreme circumstances in which a defendant's stipulation could constitute the equivalent of a guilty plea. *Everett,* 372 N.W.2d at 237. Such circumstances might include a defendant who stipulated to a

finding of guilt regardless of the evidence or a defendant who stipulated that the evidence was sufficient to convict. *See id.*

█ In this case several factors, including the plea agreement, some of counsels' representations, and the court's verbal and written orders, indicate the defendant had stipulated to a bench trial on the minutes and the court found him guilty. On the other hand, some of counsels' other statements and language found in the judgment entry suggest the defendant actually pled guilty.

█ If a defendant intends to plead guilty, a trial court must adhere to the guilty plea procedures set forth in Iowa Rule of Criminal Procedure 8(2)(b). If a defendant is in fact stipulating to a bench trial on the minutes, then a trial court must: (1) verify that the defendant has waived his right to a jury trial in accordance with Iowa Rule of Criminal Procedure 16(1); (2) confirm the extent of the factual record to which the parties are stipulating; and (3) "find the facts specially and on the record," separately state its conclusion of law, and render an appropriate verdict as required by Iowa Rule of Criminal Procedure 16(2).

We acknowledge that our trial courts are heavily burdened with handling an ever increasing load of cases, and we applaud their efforts to streamline procedures by processing multiple charges, pleas, and stipulations in combined plea and sentencing hearings. However, at a minimum, an appellate court must be able to clearly ascertain from the record whether a defendant actually pled guilty or if he merely stipulated to a bench trial on the minutes. Absent compliance with either rule 8(2)(b) or rule 16(2), and given the conflicting characterizations made by the parties and the court regarding the nature of the defendant's stipulation, we are unable to conclusively determine whether the defendant's adjudication of guilt resulted from a guilty plea or a bench trial on the minutes. We therefore reverse the eluding conviction and remand for further proceedings.

**REVERSED AND REMANDED.**