STATE of Iowa, Appellee,

v.

Terry NIKKEL, Appellant.

No. 98–497.

Supreme Court of Iowa.

June 3, 1999.

James A. Sinclair and Jeffrey M. Weber, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, John Sarcone, County Attorney, and Romonda Belcher, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and CADY, JJ.

NEUMAN, Justice.

This appeal by defendant, Terry Nikkel, challenges his conviction of operating while intoxicated in violation of Iowa Code section 321J.2 (1997). His conviction rests on a pleading captioned "Petition to Stipulate to a Finding of Guilt." This hybridization of a guilty plea and bench trial is nowhere authorized by rule or statute. We therefore reverse and remand for further proceedings.

I. Following his arrest and arraignment on the charge of drunk driving, Nikkel filed a motion to suppress. His motion alleged that he was unlawfully denied the assistance of counsel before performing (and failing) field sobriety tests by the roadside. The arresting officer did not recall a request by Nikkel for counsel at the scene but testified that Nikkel made no less than nine calls to counsel after he was taken into custody and transported to the police station. Based on this record, the district court denied Nikkel's motion to suppress, finding no denial of right to counsel before implied consent was invoked under Iowa Code section 321J.6. *See* Iowa Code § 804.20 (peace officer taking person into custody shall permit that person, after arrival at place of detention, to call and consult with family and/or attorney); *State v. Krebs,* 562 N.W.2d 423, 426 (Iowa 1997) (protection of section 804.20 applies when person taken into custody, not during investigatory phase of detention).

Thereafter Nikkel appeared in court and filed a pleading called "Petition to Stipulate to a Finding of Guilt." At the bottom of the form was the following notation: "Defendant reserves his right to file a timely motion to reconsider his motion to suppress heard by Judge Moisan." It appears that at the time the document was tendered, Nikkel was joined in court by several other defendants who intended to

enter guilty pleas. This no doubt explains the court's initial belief that Nikkel, too, was there to enter a guilty plea. Defense counsel corrected this misperception, as the following colloquy reveals:

> MR. SINCLAIR: Excuse me, Your Honor. I believe that is to stipulate to a finding of guilt rather than a plea on Mr. Nikkel.
>
> THE COURT: All right. That's correct.
>
> . . . .
>
> THE COURT: And, Mr. Nikkel, you're stipulating to me determining whether or not you are guilty based on a review of the evidence the State would present at trial—
>
> DEFENDANT NIKKEL: Yes, sir.
>
> THE COURT:—if there were a trial?
>
> DEFENDANT NIKKEL: Yes, Your Honor.

Thereafter the court signed Nikkel's "petition" and announced on the record that "based on the Minutes of Testimony, the court finds beyond a reasonable doubt that Mr. Nikkel is guilty of first offense drunk driving." A future date for sentencing was scheduled.

At sentencing counsel made no attempt to clarify the status of the proceedings when the court stated, "Terry Nikkel ... you're here today for sentencing, *in your case having previously pled guilty*, Mr. Nikkel, on January 20...." (Emphasis added.) The written sentencing order likewise shows a check beside the box marked "defendant previously pled guilty to the above-named charges." The court sentenced Nikkel to seven days in the Polk County jail, fined him $1000 plus costs, ordered substance abuse counseling, and revoked his driver's license. This appeal by Nikkel followed.

II. Nikkel's appeal challenges the court's refusal to suppress evidence of his intoxilyzer test refusal and failed field sobriety tests, arguing the proof was gathered in violation of his rights under Iowa Code section 804.20 and the United States Constitution. Before considering the merits of his appeal, however, this court on its own motion asked the parties to address the legal authority for the defendant's "Petition to Stipulate to a Finding of Guilt" and the trial court's subsequent judgment based on that filing. Our inquiry presupposed the possibility that the judgment resulted from an invalid conditional guilty plea. *See State v. Dorr*, 184 N.W.2d 673, 674 (Iowa 1971) (rejecting "so-called guilty plea with strings attached"; conviction reversed); *accord State v. Freilinger*, 557 N.W.2d 92, 94 (Iowa 1996) (applying *Dorr* but affirming conviction because alleged "strings attached" not made part of guilty plea record).

The State now contends that Nikkel entered an *unconditional* guilty plea, thereby waiving his right to appeal the district court's ruling on his motion to suppress. *See State v. White*, 545 N.W.2d 552, 554 (Iowa 1996) (guilty plea waives all defenses except claim that indictment or information charges no offense); *Dorr*, 184 N.W.2d at 674 (same). The only "condition" Nikkel reserved, the State argues, was the right to seek reconsideration of the court's suppression ruling. That was done, the State points out, thereby removing any "strings attached" from the plea and distinguishing this case from *Dorr*.

Nikkel counters that he did not plead guilty. He insists the petition he filed prompted what "was *akin* to a bench trial on a stipulated factual record." (Emphasis added.) He disputes the State's claim that his "petition" failed to preserve anything for appeal. Thus he contends the court's suppression ruling is squarely before us.

We are convinced the record is sufficiently confused to bring it within the ambit of our holding in *State v. Sayre*, 566 N.W.2d 193 (Iowa 1997). There we reversed and remanded a defendant's conviction because, as in the record before us, we were "unable to conclusively determine whether the defendant's adjudication of guilt resulted from a guilty plea or a bench

trial on the minutes." *Sayre,* 566 N.W.2d at 196. The distinction is an important one. Notwithstanding an unrelenting press of criminal business that tempts some courts and counsel to circumvent our rules, we said in *Sayre:*

> If a defendant intends to plead guilty, a trial court must adhere to the guilty plea procedures set forth in Iowa Rule of Criminal Procedure 8(2)(b). If a defendant is in fact stipulating to a bench trial on the minutes, then a trial court must: (1) verify that the defendant has waived his right to a jury trial in accordance with Iowa Rule of Criminal Procedure 16(1); (2) confirm the extent of the factual record to which the parties are stipulating; and (3) "find the facts specially and on the record," separately state its conclusion of law, and render an appropriate verdict as required by Iowa Rule of Criminal Procedure 16(2).

*Id.*

The record before us fails to establish adherence to either rule 8(2)(b) or rule 16(2). The transcript plainly belies Nikkel's suggestion this was a bench trial. Nikkel obviously stood before the bench with a raft of other defendants, all of whom were entering pleas of guilty. No compliance with rule 16 appears. On the other hand, the record does not bear out the State's claim he confessed his guilt in accordance with Iowa Rule of Criminal Procedure 8(2)(b). It appears Nikkel at all times intended the court to determine his guilt or innocence based on the minutes of evidence. *See, e.g., State v. Everett,* 372 N.W.2d 235, 237 (Iowa 1985) (bench trial held in accordance with Iowa R.Crim.P. 16(2) obviates requirement of following guilty plea colloquy under Iowa R.Crim.P. 8(2)(b)). Given that intention, however, Nikkel's purported stipulation to a finding of guilt greatly confuses the matter, making it impossible for this court to determine, on appeal, whether the resulting judgment stems from a confession of guilt or a fact finder's determination based on the elements of the offense. *See id.* at 237

(noting difference in appellate consequences between guilty plea and bench trial).

We therefore reverse the judgment of the district court and remand to permit the defendant to plead anew in accordance with Iowa Rule of Criminal Procedure 8(2) or stand trial in accordance with Iowa Rule of Criminal Procedure 16.

**REVERSED AND REMANDED.**