# IN THE COURT OF APPEALS OF IOWA

No. 13-2059
Filed January 28, 2015

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**ZACHARIAH JONATHAN DAVIS,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Cerro Gordo County, Christopher C. Foy, Judge.

 A defendant appeals from the verdict reached in the bench trial based on a stipulated record finding him guilty of two counts of domestic abuse assault resulting in injury and the judgment and sentence entered after the verdict. **AFFIRMED.**

 Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

 Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, Carlyle D. Dalen, County Attorney, and Rachel Ginbey, Assistant County Attorney, for appellee.

 Considered by Mullins, P.J., McDonald, J., and Goodhue, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, S.J.**

Zachariah Jonathan Davis appeals from the verdict reached in the bench trial based on a stipulated record finding him guilty of two counts of domestic abuse assault resulting in injury and the judgment and sentence entered after the verdict.

## I. Factual Background and Course of Proceedings.

On November 20, 2011, Davis kicked his wife, Ashley, in the face, struck her in the back of her head with a "monkey fist" keychain, stepped on her neck, hit her under the eyes with a baseball bat, tied her wrists to her belt loops with zip ties, and otherwise hit and abused her through Thanksgiving Day of 2011. Ashley's mother went to the home Ashley shared with Davis and their children, observed Ashley's extensive bruising, and took her to the hospital, where she was admitted on November 24, 2011. Law enforcement officers were called to the hospital and observed old and new bruising and red marks on Ashley. Davis was interviewed and admitted causing several of the injuries but asserted they were administered in self-defense when Ashely was under the influence of controlled substances. Tests taken for Ashely at the hospital were negative for controlled substances.

A trial information filed on December 7, 2011, charged Davis with domestic assault resulting in injury, and on June 6, 2012, a trial information was filed charging him with sexual abuse in the third degree and four counts of domestic assault resulting in injury. Davis filed a notice he intended to rely on a theory of self-defense. The two trial informations were consolidated for trial. All

but two of the counts that charged domestic abuse resulting in injury were dismissed.

On August 31, 2012, Davis filed a request for Ashley's confidential medical information. The protocol used by Davis's counsel was that set out in *State v. Cashen*, 789 N.W.2d 400, 407-10 (Iowa 2012). The State resisted, a hearing was held, and an order was entered permitting defense counsel to review some of Ashley's mental health records. A protective order barred dissemination of any information contained in the records. After review, Davis's counsel proceeded under the fourth step of the *Cashen* protocol and filed a request for that part of the confidential information he felt would be beneficial to Davis's defense.

On April 11, 2013, the trial court entered an order stating that Iowa Code section 622.10(4) (2013) was the exclusive method by which an accused could obtain medical records of an alleged victim in a criminal proceeding and the *Cashen* protocol was no longer applicable. The trial court noted in its ruling that a request for confidential medical information must be made within forty days after the arraignment and no such request had been timely made. The court stated an untimely request constituted a waiver of any right to the requested document. *See* Iowa Code § 622.10(4). Further, the court stated Davis had not alleged, let alone proved, the material was not available from some other source or that Davis had a compelling need for the requested information to prepare his defense, both of which are prerequisites to obtaining a court order to view confidential medical records under the statute. *See id.* After making the finding that the application was not timely filed and the two prerequisites had not been

met, the court denied any access to the records requested. Counsel filed a motion requesting a hearing to clarify the April 11 order. The request for a hearing was denied, and the trial court reaffirmed its previous order. Davis applied to the Iowa Supreme Court for interlocutory review, but it was denied.

Davis filed a written waiver of his right to a jury trial and stipulated to a bench trial on the minutes of testimony and eleven other exhibits, which included depositions and other medical records that related to her treatment after the alleged injuries. The court found Davis guilty of both charges.

Davis has appealed, claiming ineffective assistance of counsel for attempting to obtain the confidential medical records by using the *Cashen* protocol instead of following procedures set out by Iowa Code section 622.10(4), and allowing him to proceed on a stipulated trial of the minutes and exhibits without assuring that he had made a voluntary and knowing waiver of his right to confront and compel witnesses to appear for the purpose of providing a defense.

## II. Standard and Scope of Review.

Claims of ineffective assistance of counsel raise constitutional issues and are therefore reviewed de novo. *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011).

## III. Error Preservation.

The ordinary rules of error preservation do not usually apply to claims of ineffective assistance of counsel. *State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010).

**IV. Discussion.**

**A. Counsel's failure to seek the victim's medical records as provided by statute thus eliminating their availability as evidence at trial.**

To establish a claim of ineffective counsel it is necessary that the claimant establish both inadequate assistance and prejudice. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2011). The failure to pursue the victim's medical records using the protocol set out by statute was an error and constituted inadequate assistance. The issue becomes whether prejudice resulted. To establish prejudice, the applicant must determine "'that there is a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different.'" *Id.* at 143 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

It is not necessary to determine whether the victim's medical records would have been available to Davis if the statute had been followed. The confidential records have been available to this court. There is nothing in those records indicating a different result would have been reached before the district court if counsel had been granted access to them. There is nothing to indicate Ashley was aggressive or that would otherwise help Davis's self-defense argument. Ashley's credibility is not a significant factor since Davis has essentially admitted he administered the injuries. Ashley's drug use, character deficiencies, instability, and other history were made abundantly clear in depositions. The confidential medical records add little or nothing, let alone justify breaching the confidentiality of Ashley's medical records.

**B. Counsel's failure to object to a trial on the stipulated record.**

Precedent holds that due process rights are not violated by failing to follow the critical elements of a guilty plea colloquy when accepting a criminal trial on a stipulated record. *State v. Everett*, 372 N.W.2d 235, 237 (Iowa 1985). Counsel is not ineffective for failing to pursue a meritless claim. *State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009). When a stipulated bench trial is used, a trial court must (1) verify that a jury trial has been waived, (2) confirm the documents that constitute the record, and (3) find the facts specially and on the record. *State v. Sayre*, 566 N.W.2d 193, 196 (Iowa 1997). The trial court followed the procedure and any objection to the process would have been meritless. Counsel was not ineffective for failing to object to the procedure.

**AFFIRMED.**