# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01236-COA

STEPHEN CARMODY AND ROWENA CARMODY                    APPELLANTS

v.

SUZANNAH MCGOWAN                                        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/15/2015 |
| TRIAL JUDGE: | HON. HENRY L. LACKEY |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANTS: | C. VICTOR WELSH III |
| ATTORNEYS FOR APPELLEE: | F. HALL BAILEY |
| | HEATHER MARIE ABY |
| | OWEN PATRICK LALOR |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| TRIAL COURT DISPOSITION: | GRANTED APPELLEE PARTIAL SUMMARY JUDGMENT |
| DISPOSITION: | AFFIRMED: 01/03/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     This is a dispute over a strip of land bordering residential property owned by the litigants, who are neighbors. Both sides claim record title to the property deriving from Cynthia and M.L. Culley. At issue on appeal is the Stephen and Rowena Carmody's claim, which originates from a deed to J.E. Fowler in 1969. The chancery court found that the deed did not convey the disputed property, and thus that the Carmodys had no claim to it. The court then granted a partial summary judgment to Suzannah McGowan, which was certified

as a final judgment under Mississippi Rule of Civil Procedure 54(b). We agree with the chancery court that the deed was unambiguous and that it did not convey the subject property, and so we affirm.

**DISCUSSION**

¶2. A court interpreting a deed follows the same process as it does with contracts. *Conservatorship of Estate of Moor ex rel. Moor v. State*, 46 So. 3d 849, 852 (¶12) (Miss. Ct. App. 2010). We begin by looking at the language of the instrument itself as contained within its "four corners." *Pursue Energy Corp. v. Perkins*, 558 So. 2d 349, 352 (Miss. 1990). "When an instrument's substance is determined to be clear or unambiguous, the parties' intent must be effectuated." *Id.* "If the reviewing [c]ourt finds the terms of the contract to be ambiguous or subject to more than one interpretation, the case must be submitted to the trier of fact, and summary judgment is not appropriate." *Epperson v. SOUTHBank*, 93 So. 3d 10, 17 (¶20) (Miss. 2012).

¶3. The deed at issue states that the Culleys "do hereby sell, convey and warrant unto J. E. Fowler the following described land and property lying and being situated in the First Judicial District of Hinds County, State of Mississippi, and being more particularly described as follows . . . ." This is followed by a single-spaced, indented description of a 26.7-acre tract, which concludes with the words:

> LESS AND EXCEPT therefrom that portion of the above described property which is contained in Riverwood Drive and which is described in easement executed this date by grantors herein in favor of the City of Jackson, Mississippi.

It is undisputed that this refers to the property now in dispute. The Carmodys point to what immediately follows the above-quoted language, where the deed is no longer indented and returns to double-spaced lines, and recites that:

> The warranty of this conveyance is subject to an easement for street purposes, executed this date herein, in favor of the City of Jackson, Mississippi, which easement is for an extension of Riverwood Drive.

Several other preexisting easements are then excepted from the warranty, and the deed concludes normally with signatures and acknowledgment.

¶4. The Carmodys argue that the deed should be read as a whole. *See, e.g., Cherokee Ins. v. Babin*, 37 So. 3d 45, 48 (¶8) (Miss. 2010). That is undoubtedly true, but they present no real argument as to how the warranty exclusion conflicts with or alters the meaning of the explicit and unambiguous "less and except" exclusion from the conveyance. The Carmodys contend only that the "less and except" clause renders the warranty exclusion redundant and that there is no apparent reason the grantors would want to retain ownership of the disputed parcel while selling the land surrounding it. These arguments invoke familiar canons of contract construction, but they are applicable only where the deed is first shown to contain some ambiguity. *Pursue Energy*, 558 So. 2d at 352; 26A CJS *Deeds* § 180 (2011) ("Construction aids are available only to interpret ambiguity in the language of the instrument . . . and are not to be invoked to contradict the plain language of the deed.").

¶5. The Carmodys do not explicitly argue that the deed is ambiguous – indeed, the word does not even appear in their briefs on appeal. "The mere fact that the parties disagree about

3

the meaning of [an instrument] does not make [it] ambiguous as a matter of law." *Turner v. Terry*, 799 So. 2d 25, 32 (¶17) (Miss. 2001). Nor are we "at liberty to infer intent contrary to that emanating from the text at issue," as the words employed by the parties are "by far the best resource for ascertaining [their] intent." *Facilities Inc. v. Rogers-Usry Chevrolet Inc.*, 908 So. 2d 107, 111 (¶7) (Miss. 2005). Likewise, redundancies do not make a deed ambiguous. *See, e.g., Thornton v. Ill. Founders Ins.*, 418 N.E.2d 744, 747 (Ill. 1981).

¶6. "An ambiguity is defined as a susceptibility to two reasonable interpretations." *Dalton v. Cellular S. Inc.*, 20 So. 3d 1227, 1232 (¶10) (Miss. 2009). We can see no reasonable interpretation of the deed, read in its entirety, that does not give effect to the plain and unambiguous qualification that the conveyance is "less and except" the disputed property.

¶7. We conclude that the trial court correctly found the deed to be unambiguous and that the disputed property was expressly excepted from the conveyance upon which the Carmodys' claim depends. The chancery court therefore properly granted summary judgment to McGowan.

¶8. **THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY, FIRST JUDICIAL DISTRICT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., IRVING, P.J., BARNES, WILSON AND GREENLEE, JJ., CONCUR. GRIFFIS, P.J., ISHEE, CARLTON AND WESTBROOKS, JJ., NOT PARTICIPATING.**