# IN THE COURT OF APPEALS OF IOWA

No. 17-0799
Filed April 18, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**GILBERTO MORALES CHAVEZ,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Carol S. Egly, District Associate Judge.

Gilberto Morales Chavez appeals from his conviction for operating while intoxicated, third offense. **AFFIRMED.**

James R. Hinchliff of Shindler, Anderson, Goplerud & Weese, P.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**DANILSON, Chief Judge.**

Gilberto Morales Chavez appeals from his conviction for operating while intoxicated (OWI), third offense, a class "D" felony, in violation of Iowa Code section 321J.2(2)(c) (2017). Chavez contends there is not substantial evidence to establish his prior OWI convictions.

Our review of sufficiency-of-the-evidence claims is for correction of errors at law. *State v. Thomas*, 561 N.W.2d 37, 39 (Iowa 1997). The evidence supporting the verdict is substantial if "a rational trier of fact could conceivably find the defendant guilty beyond a reasonable doubt." *Id.* We view the evidence in the light most favorable to the State. *Id.*

Chavez stipulated to a trial on the minutes of evidence in this matter. The minutes of evidence provide the Polk County Clerk of Court would testify Chavez was convicted of OWI on October 16, 2008, in case number OWOM065667 and was represented by counsel or knowingly waived the right to be represented during the proceedings. The minutes also provide the Pottawattamie County Clerk of Court would testify Chavez was convicted of OWI on April 1, 2015, in case number OWMG150568 and was represented by counsel or knowingly waived the right to be represented during the proceedings. Additionally, the minutes of evidence provide officers from Polk and Pottawattamie Counties would testify Chavez was the defendant in those prior OWI cases. The minutes of evidence specifically set forth the details of Chavez's prior OWI convictions including the case numbers, dispositions, and dates of the convictions; list as witnesses the county clerks of court that had care, custody, and control over the conviction records; state certified copies of the court records and documents would be offered into evidence to

establish Chavez's prior convictions; and provide officers would proffer testimony to further identify Chavez as the individual convicted of OWI in the prior cases. There is substantial evidence supporting Chavez's conviction for OWI, third offense.

To the extent Chavez contends he was entitled to an additional trial on the issue of prior offenses, such a requirement was waived by Chavez's consent to a trial on the minutes. *See State v. Chandler*, No. 16-0925, 2017 WL 3077945, at *3 (Iowa Ct. App. July 19, 2017) ("[The defendant] contends the State did not satisfactorily prove the prior convictions on which the enhancements were predicated. The State counters that [the defendant] waived his right to raise this issue by stipulating to a trial on the minutes of evidence. We agree with the State.").

Our supreme court previously noted the requirements of the trial court when a defendant stipulates to a bench trial on the minutes of evidence:

> If a defendant intends to plead guilty, a trial court must adhere to the guilty plea procedures set forth in Iowa Rule of Criminal Procedure [2.8(2)(b)]. If a defendant is in fact stipulating to a bench trial on the minutes, then a trial court must (1) verify that the defendant has waived his right to a jury trial in accordance with Iowa Rule of Criminal Procedure [2.17(1)]; (2) confirm the extent of the factual record to which the parties are stipulating; and (3) "find the facts specially and on the record," separately state its conclusion of law, and render an appropriate verdict as is required by Iowa Rule of Criminal procedure [2.17(2)].

*State v. Sayre*, 566 N.W.2d 193, 196 (Iowa 1997). The requirements for habitual-offender colloquies as set out in *State v. Kukowski*, 704 N.W.2d 687, 691-94 (Iowa 2005), and *State v. Harrington*, 893 N.W.2d 36, 45-46 (Iowa 2017), are

inapplicable to a bench trial on the minutes.[1]  *See id.* at 195 ("This court has previously held a bench trial on a stipulated factual record is not the same as a guilty plea proceeding, and due process does not require the court to undertake a guilty plea colloquy prior to accepting a stipulated factual record."); *State v. Huss*, 430 N.W.2d 621, 624 (Iowa 1988) ("[A] bench trial on the stipulated evidence is not the same as a guilty plea proceeding, principally because no matter how overwhelming the evidence of guilt, the question of whether to convict or acquit remains with the trier of fact."). Upon our review, we find the trial court satisfactorily complied with requirements consistent with *Sayre.*

We conclude there is substantial evidence of Chavez's prior convictions and the trial court properly followed the procedure for a bench trial on the minutes. We affirm.

**AFFIRMED.**

---

[1] We note our supreme court has recently held, "[T]he [S]tate must prove prior convictions in rule 2.19(9) proceedings in both habitual offender and repeat-OWI scenarios. We conclude the rationale for the rule adopted in *Harrington* applies with equal force to proceedings in which repeat-OWI-offender enhancements are at issue." *State v. Brewster*, 907 N.W.2d 489, 494 (Iowa 2018). However, in *Brewster* the defendant was tried by jury for the underlying OWI offense, and before the case was submitted to the jury for deliberation, the court engaged Brewster in a short colloquy to which Brewster stipulated to a prior OWI conviction. *Id.* at 491-92. The rationale applicable to requiring rule 2.19(9) proceedings for a defendant's stipulation to a prior OWI conviction itself does not apply where the defendant stipulates to trial on the minutes of evidence which state there is evidence of prior OWI convictions. The trial court must still review the evidence and make findings of fact, and could ultimately determine the evidence does not support the elements charged by the State. Thus, when the defendant has stipulated to a trial on the minutes of evidence—as Chavez has done here—the required procedures by the trial court differ. *See Sayre*, 566 N.W.2d at 196.