# IN THE COURT OF APPEALS OF IOWA

No. 19-2098
Filed January 21, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**THOMAS WINSTON HALES,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, Todd A. Hensley,

District Associate Judge.


        A defendant appeals the denial of his motion to suppress and conviction.

**AFFIRMED.**


        James N. Daane of Mayne, Hindman, Daane, Parry & Wingert, Sioux City,

for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester and Kyle

Hanson, Assistant Attorneys General, for appellee.


        Considered by Mullins, P.J., May, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**BLANE, Senior Judge.**

Defendant Thomas Hales appeals the district court's denial of his motions to suppress and to reconsider and his conviction after a bench trial of operating while intoxicated (OWI), second offense. Upon our review, we find reasonable suspicion supported the officer's stop, the district court correctly denied Hales's motions to suppress and reconsider, and we affirm Hales's conviction.

## I.      Factual and procedural history.

Shortly after midnight on December 13, 2017, Hales was headed home, driving north on Nebraska Street in Sioux City. At the same time, Sioux City Police Officer Christopher Thomas was northbound on Nebraska Street following a vehicle that had entered in front of him with its high beams on. As Officer Thomas drove in the right lane, he came up next to Hales's vehicle in the center lane. Up to that point, the officer had not observed Hales's vehicle do anything to draw his attention. As Officer Thomas pulled alongside, Hales's vehicle moved to the left out of the center lane, drawing the officer's attention. The officer initiated his patrol vehicle camera, slowed down, dropped in behind and followed Hales for a period. The patrol vehicle video recording shows the movement of Hales's vehicle and what Officer Thomas observed that night.[1] Based upon his observation, Officer Thomas turned on his patrol vehicle emergency lights, pulled Hales over, and initiated his investigation, which eventually lead to Hales's arrest for OWI, second offense. Hales was formally charged by trial information with that offense, a violation of Iowa Code section 321J.2 (2017), as well as with a companion simple-

---

[1] The video recording was admitted as an exhibit for both the motion to suppress as well as the bench trial, and is part of the appellate record for our review.

misdemeanor charge of improper use of lanes, in violation of Iowa Code section 321.306, which was held open pending disposition of the OWI charge.

Hales filed a motion to suppress seeking to exclude all evidence obtained from the traffic stop and requesting both cases be dismissed. Hales asserted that Officer Thomas did not have a basis to initiate the traffic stop and therefore violated his constitutional right against unreasonable searches and seizures under the United States and Iowa Constitutions. The State resisted. After a hearing, the trial court denied the motion to suppress. The court ruled that the State's proffered basis for the stop—violation of section 321.306—was not established by the evidence, but that probable cause did exist for an uncharged violation of Iowa Code section 321.256,[2] and that the officer had reasonable suspicion because Hales's vehicle was "drifting left and traveling over the dividing line of the lanes" at 12:30 in the morning.

Hales's attorney and the prosecutor then worked out a stipulation so the court could address Hales's motion to reconsider the suppression ruling, as well as for a bench trial to the court. The court set the reconsideration motion and bench trial for April 10, 2019. The parties stipulated to the admission of the minutes of evidence and Hales's prior OWI conviction. In addition, the parties stipulated:

> [O]n December 13, 2017, [Hales] operated a motor vehicle in Woodbury County, Iowa. At the time he was operating the motor vehicle in Woodbury County, Iowa, he was under the influence of an alcoholic beverage and . . . he had a breath alcohol level of 0.136 grams of alcohol per 210 liters of breath.
>     . . .

---

[2] That section provides, "No driver of a vehicle shall disobey the instructions of any official traffic-control device placed in accordance with the provisions of this chapter . . . ."

> . . . [T]he parties also agree subject to our argument that the issues raised in our Motion to Suppress are preserved for appeal pursuant to *State v. Davis*[3] and that the issue of whether the court's decision that Officer Thomas had reasonable suspicion other than a 321.256 violation to stop the vehicle is preserved not only under the Fourth Amendment of the United States Constitution but also under Article I Section 8 of the Iowa Constitution.

Hales presented additional evidence in support of his motion to reconsider the earlier suppression ruling. The trial court then acknowledged the stipulation was being accepted under the condition that Hales was preserving his motions to suppress and reconsider and the court would consider evidence depending on the court's suppression ruling.

After the hearing and bench trial, the court entered its ruling and verdict. It reversed its prior ruling in part, finding Hales had not violated Iowa Code section 321.256 and this was not probable cause for the stop. But the court affirmed its earlier decision that the stop was justified by facts supporting reasonable suspicion and denied the motion to reconsider. As to the bench trial, the court found Hales guilty of OWI—second offense. The court imposed sentence on November 27, 2019, which included a dismissal of the simple-misdemeanor improper-use-of-lanes charge. Hales appeals.

## II. Standard of review.

"When a defendant challenges a district court's denial of a motion to suppress based upon the deprivation of a state or federal constitutional right, our standard of review is de novo." *State v. Brown*, 930 N.W.2d 840, 844

---

[3] Although there is no citation in the record for this case reference, we believe Hales's counsel was referring to *State v. Davis*, 228 N.W.2d 67, 69 (Iowa 1975), *overruled on another ground by State v. Hanes*, 790 N.W.2d 545 (Iowa 2010).

(Iowa 2019). We examine the entire record and "make an independent evaluation of the totality of the circumstances." *Id.* In doing so, we evaluate each case "in light of its unique circumstances." *Id.*

Appellate courts give deference to the district court's factual findings due to its direct evaluation of each witness's credibility but are not bound by the district court's factual determinations. *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011).

## III. Discussion.

### A. Preservation of error.

We must first address the State's contention that Hales waived his right to appeal the district court's rulings on the motions to suppress and to reconsider. In his reply brief, Hales counters that the parties' stipulation specifically preserved the suppression issue for appeal.

Initially, the State argues that at the bench trial Hales stipulated to the facts supporting the elements of OWI, and is equivalent to a guilty plea, citing *State v. Sayre*, 566 N.W.2d 193, 195–96 (Iowa 1997). A guilty plea "waives all irregularities except that the information or indictment charges no offense and the right to challenge the plea itself." *State v. Carroll*, 767 N.W.2d 638, 642 (Iowa 2009) (quoting *State v. Freilinger*, 557 N.W.2d 92, 93 (Iowa 1996)).

Our supreme court discussed the distinction between a guilty plea and bench trial in *Sayre*:

> This court has previously held a bench trial on a stipulated factual record is not the same as a guilty plea proceeding, and due process does not require the court to undertake a guilty plea colloquy prior to accepting a stipulated factual record. This distinction results from the fact that in the context of a stipulated bench trial the decision of whether to convict remains with the fact finder no matter how overwhelming the evidence of guilt.

566 N.W.2d at 195 (citations omitted). It is clear that the court here did not conduct a plea colloquy with the parties leaving the decision of guilt to the trial court. Under *Sayre*, Hales neither pled guilty nor waived his right to appeal the district court's suppression ruling.

We turn to the State's second argument, that Hales's stipulation to the results of the blood-alcohol test waived his right to appeal the suppression ruling. Our supreme court discussed the preservation issue under somewhat similar facts. *See State v. Brown*, 656 N.W.2d 355, 359–60 (Iowa 2003).

> As Brown's trial date approached, the parties sought a preliminary determination of the admissibility of [hearsay evidence]. The district court held that . . . testimony was admissible. On November 5, 2001, Brown stipulated to a trial on the minutes of testimony provided in his case. . . . Brown was found guilty of murder in the second degree . . . . On January 7, 2002, Brown filed timely notice of appeal from the guilty verdict and sentencing.
> . . . .
> We consider first the State's argument that Brown failed to properly preserve the hearsay and Confrontation Clause issues for appeal by stipulating to the minutes of testimony without specifically renewing his pretrial objection to [hearsay evidence]. An examination of the record reveals that Brown objected to the use of [hearsay evidence] on a number of occasions before his stipulation, but later stipulated, without objection, to minutes that included the very same statements to which he had earlier objected. Generally, a stipulation to the admission of testimony at trial constitutes a waiver of any objection to the testimony raised prior to trial. *See State v. Terry*, 569 N.W.2d 364, 368–69 (Iowa 1997); *State v. Schmidt*, 312 N.W.2d 517, 518 (Iowa 1981); *see also State v. Bergmann*, 633 N.W.2d 328, 332 (Iowa 2001). This appeal, however, presents a situation distinguishable from our prior considerations of this type of preservation issue.
> Our prior considerations in this area arose from situations in which the defendant, through trial counsel, *affirmatively* consented to the admission of specific testimony or other evidence at trial that had been subject to a prior objection. *Bergmann*, 633 N.W.2d at 332; *Terry*, 569 N.W.2d at 368–69; *Schmidt*, 312 N.W.2d at 518. In this situation, Brown did not affirmatively and specifically consent to the admission of [hearsay] testimony at the bench trial, but generally

stipulated that the district court could consider the minutes of testimony. Moreover, the record reveals the parties, as well as the trial court, understood the pretrial objections and the court's ruling on the admissibility of [the hearsay] testimony would be sufficient to preserve the issue at the stipulated trial. Although Brown did not specifically renew his objection to this testimony at the time of his stipulation and bench trial, the district court indicated during the course of the trial that it intended to consider [the] testimony, yet further expressed its understanding that Brown was not waiving his "right to argue" on appeal that the objectionable statements should have been excluded. The preservation of error doctrine is grounded in the idea that a specific objection to the admission of evidence be made known, and the trial court be given an opportunity to pass upon the objection and correct any error. *See Sievers v. Iowa Mut. Ins. Co.*, 581 N.W.2d 633, 638 (Iowa 1998). Under the circumstances of this case, the spirit of the rule was met. We conclude Brown preserved error.

*Id.* at 359–61.

In *Brown*, the court found the issue preserved for appeal. In the present case, consistent with *Brown* and particularly the *Sievers* case, Hales did "not waiv[e] his 'right to argue' on appeal that the objectionable [evidence] should have been excluded," and complied with the preservation of error doctrine. *Id.* at 361. Hales renewed his motion to suppress by filing a motion to reconsider. The district court held a combined hearing on the motion to reconsider and a bench trial with stipulated testimony. The State agreed to the stipulation, and the district court accepted that the suppression issue was being preserved for appeal. Hales preserved error with "a specific objection to the admission of evidence be[ing] made known, and the trial court be[ing] given an opportunity to pass upon the objection and correct any error." *Sievers*, 581 N.W.2d at 638.

**B. Whether the evidence supports a reasonable suspicion for the stop?**

"The Fourth Amendment to the United States Constitution and article 1, section 8 of the Iowa Constitution protect individuals against unreasonable searches and seizures by government officials." *State v. Kinkead*, 570 N.W.2d 97, 100 (Iowa 1997). "Searches conducted without a warrant are per se unreasonable unless an exception to the warrant requirement applies." *Id.* Traffic stops based on the officer's personal observation that give the officer reasonable suspicion that a crime has been or is being committed fall under a recognized exception to the warrant requirement. Stopping an automobile and detaining its occupants constitutes a seizure under the Fourth Amendment. *State v. Kooima*, 833 N.W.2d 202, 206 (Iowa 2013) (citing *Delaware v. Prouse,* 440 U.S. 648, 653 (1979)). A police officer can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot. *Id.* (citing *United States v. Sokolow,* 490 U.S. 1, 7 (1989)). In order to apply this exception, "the State must show by a preponderance of the evidence that the stopping officer had specific and articulable facts, which taken together with rational inferences from those facts, to reasonably believe criminal activity may have occurred." *State v. Tague*, 676 N.W.2d 197, 204 (Iowa 2004). "If the state does not meet this burden, the evidence obtained through the stop must be suppressed." *State v. Louwrens*, 792 N.W.2d 649, 651-52 (Iowa 2010).

Reasonable suspicion must be determined considering the totality of the circumstances confronting the officer at the time the officer makes the decision to stop the vehicle. *State v. Kreps,* 650 N.W.2d 636, 642 (Iowa 2002). Iowa has

adopted an objective test to evaluating the reasonableness of a traffic stop under the Fourth Amendment of the United States Constitution. *Brown*, 930 N.W.2d at 844. Since this involves a constitutional issue, as noted above, our review is de novo. The articulable facts whether criminal activity may have been occurring and the officer had reasonable suspicion are found in the patrol car video, which is available for our review. We need not rely on findings of the district court, nor the descriptive narrative contained in the parties' briefs.

Upon our review of the video, we find, as did the district court, Hales's vehicle was "drifting left and traveling over the dividing line of the lanes" at 12:30 in the morning. The officer, based upon his observations as disclosed by this patrol vehicle recording, had a reasonable suspicion that Hales was operating his vehicle while intoxicated. The stop was justified and constitutional. The motions to suppress and reconsider were properly denied. Accordingly, we affirm the conviction.

**AFFIRMED.**