**STATE of Iowa, Appellee,**

v.

**Mike Leroy WEATHERLY, Appellant.**

No. 92–1873.

Court of Appeals of Iowa.

April 26, 1994.

James W. Cleverley, Jr., of Johnson and Cleverley, Newton, for appellant.

Bonnie J. Campbell, Atty. Gen.; Thomas G. Fisher, Jr., Asst. Atty. Gen.; and James Wilson, County Atty., for appellee.

Heard by DONIELSON, P.J., SACKETT, J., and CRITELLI, Senior Judge,* but decided by DONIELSON, C.J., and HAYDEN, SACKETT, HABHAB, CADY, and HUITINK, JJ.

DONIELSON, Presiding Judge.

Mike Weatherly challenges his convictions, following a jury trial, of two counts of delivery of a simulated controlled substance: methamphetamine. At trial the State introduced tape recordings of conversations between Weatherly and a confidential informant. During one of the recordings, Weatherly stated he had served time in prison twelve years ago for delivery of LSD to a state agent. Weatherly claims the district court abused its discretion in admitting the recording indicating he had a prior criminal conviction. He also claims the court abused its discretion in admitting the tape recordings over his relevancy and foundation objections.

Christopher McKeag is a confidential informant who worked with the Grinnell Police Department during an investigation of Weatherly. During the investigation, the police recorded three telephone calls between McKeag and Weatherly. It was during one of these three phone calls Weatherly told McKeag he had been in prison for selling LSD. Additionally, one of the recordings contained only the voice of McKeag. The recorder did not pick up both sides of the conversation. These phone calls were all contained in State's exhibit 4.

The police also recorded a conversation between McKeag and Weatherly that took place at a park while McKeag was wearing a wireless transmitter. This tape recording was contained in State's exhibit 5. At this park, McKeag purchased ephedrine from Weatherly believing it to be methamphetamine.

Before trial, Weatherly filed a motion in limine seeking to exclude the tape recordings. The district court denied the motion. McKeag, who reviewed the recordings before trial, testified the tape recordings were accurate. Over Weatherly's objections, the court admitted the tape recordings into evidence.

The jury returned a verdict of guilty on both counts of delivery of a simulated controlled substance. The court sentenced Weatherly to up to ten years on each count to be served concurrently. Weatherly appeals.

■ Our scope of review is for correction of errors of law. Iowa R.App.P. 4. On evidentiary issues we review for an abuse of discretion. *State v. Halstead,* 362 N.W.2d 504, 506 (Iowa 1985). In order to show an abuse of discretion, appellant must show the court exercised its discretion " 'on grounds or for reasons clearly untenable or to an extent clearly unreasonable.' " *State v. Blackwell,* 238 N.W.2d 131, 138 (Iowa 1976) (quoting *Weeks v. Burnor,* 132 Vt. 603, 326 A.2d 138, 140 (1974)).

■ The State first claims Weatherly failed to preserve error on the ground exhibit 4 contained evidence of a prior crime. Weatherly claims he objected to the introduction of exhibit 4 on the ground that "a part of the tape would indicate a crime twelve years ago." We agree error was properly preserved. Weatherly objected to the evidence in his motion in limine. At trial, counsel referred to the motion and clearly objected to admission of a statement referring to a past crime. Therefore we address the merits of Weatherly's argument.

■ Iowa Rule of Evidence 404(b) provides for the admissibility of evidence concerning past crimes:

(b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in

---

* Senior judge from the 5th Judicial District serving on this court by order of the Iowa Supreme Court.

conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* "The basic principle involved is relevancy; if the evidence tends to prove some fact relative to the crime for which defendant is now tried it is properly received even though another offense is thereby necessarily established." *State v. Powell*, 256 N.W.2d 235, 237 (Iowa 1977). In *State v. Powell*, the supreme court determined the recorded statements were irrelevant and prejudiced the defendant so as to require reversal of the district court.

■ In this case, however, we determine the recorded statement falls within the exceptions enumerated in Iowa Rule of Evidence 404(b). Weatherly was seeking to sell a substance he represented to be methamphetamine. He needed to convince the buyer of his opportunity, intent, preparation, plan, knowledge, and ability to obtain and provide the illegal drug. He also needed to represent the ephedrine as methamphetamine. *See State v. McDaniel*, 265 N.W.2d 917, 921 (Iowa 1978) ("[The defendant's prior bad act] also helped to establish defendant's knowledge that the bag contained drugs."). The statement was not introduced to show Weatherly had acted illegally in the past nor to show present acts in conformity with past wrong acts. Rather, it can be seen as part of Weatherly's efforts to bolster the buyer's confidence in the transaction by showing Weatherly's knowledge. *See State v. Mendiola* 360 N.W.2d 780, 781–82 (Iowa 1985) (admitting evidence of prior crimes to show knowledge or an element of the charged offense); *State v. Kern*, 307 N.W.2d 22, 26–27 (Iowa 1981) (establishing an element in the pending prosecution with evidence of prior crime). The trial court did not abuse its discretion in determining this evidence was relevant and admissible under rule 404(b). The trial court also could conclude the probative value of the evidence outweighed its prejudicial effect. Iowa R.Evid. 403; *State v. Walsh*, 318 N.W.2d 184, 185 (Iowa 1982).

Weatherly also argues none of the recorded conversations were admissible because the State did not lay a proper foundation for their admission. Weatherly asserts, especially concerning the one-sided conversation tape, the tapes are not accurate or trustworthy. We disagree.

In *United States v. McMillan*, 508 F.2d 101 (8th Cir.1974), the court adopted the test for recordings set forth in *United States v. McKeever*, 169 F.Supp. 426, 430 (S.D.N.Y. 1958). The test requires the party introducing the recording to establish: (1) the recording device was capable of taping the conversation; (2) the operator was competent to operate the device; (3) the recording is authentic and correct; (4) no changes, additions, or deletions have been made; (5) the recording has been preserved in a manner shown to the court; (6) the speakers are identified; and (7) the conversation was voluntary and made in good faith without inducement. *McMillan*, 508 F.2d at 104. Iowa has not adopted the "particularized technical" test of *McMillan*. *State v. Russell*, 261 N.W.2d 490 at 495 (Iowa 1978). "What has been required is that the foundation for the evidence clearly establish that it is accurate and trustworthy." *Id.*

Not all federal circuits follow the seven requirements of *McMillan* strictly. The court in *United States v. Biggins* stated it preferred the stricter approach, but refused to adopt a strict test:

> If there is independent evidence of the accuracy of the tape recordings admitted at trial, we shall be extremely reluctant to disturb the trial court's decision even though at the time that decision was made the government had not carried its particularized burden of going forward.

*United States v. Biggins*, 551 F.2d 64, 66–67 (5th Cir.1977) *cited in Russell*, 261 N.W.2d at 495–96; *see also United States v. Hassell*, 547 F.2d 1048, 1054–55 (8th Cir.1977) *cert. denied* by *McIntosh v. United States*, 430 U.S. 919, 97 S.Ct. 1338, 51 L.Ed.2d 599 (1977).

■ The test in Iowa for recorded conversations is whether "evidence established that it is accurate and trustworthy." *State v. Klindt*, 389 N.W.2d 670, 674 (Iowa 1986) (quoting *State v. Russell*, 261 N.W.2d 490, 495 (Iowa 1978)). All the taped conversa-

tions involved Weatherly and the informant, McKeag. At trial, McKeag testified not only that he was one of the parties in the conversations, but also that he had reviewed the tapes before trial to be assured the recordings were accurate. Testimony also was introduced concerning the preservation and custody of the recordings. Although one conversation was recorded incompletely, McKeag's testimony demonstrates what was recorded is accurate. We conclude the district court did not abuse its discretion in determining the State provided a proper foundation for introducing the recordings.

For the reasons stated we determine the recordings of conversations between Weatherly and McKeag were properly admitted into evidence. The trial court did not abuse its discretion.

**AFFIRMED.**

All Judges concur except SACKETT, J., who specially concurs.

SACKETT, Judge (concurring specially).

I concur specially. I, too, would affirm.

I find the error now urged on the issue of prior crimes was not preserved for appellate review, therefore, I agree with the majority decision to affirm on this issue.

I depart from the majority reasoning in affirming the admission of certain audio recordings of alleged telephone conversations. Specifically, I have problems with the recording of an alleged phone conversation between defendant and the confidential informant that recorded only the voice of the confidential informant.

The question is whether a recording that picked up only one side (the informant's) should have been admitted. To admit the tapes, it was necessary for the state to show they were authentic and reliable. Where tapes record only one side of a phone conversation, they only show one-half of a picture of the conversation. They are more likely not to be reliable than a tape recording of the entire conversation.

The issue of the tapes' admissibility was a discretionary call by the trial court. I cannot on this record find that discretion abused.

But I feel a trial court should be extremely careful in admitting such evidence.