**STATE of Iowa, Appellee,**

v.

**Mark MULVANY, Appellant.**

**No. 98–1395.**

Court of Appeals of Iowa.

Sept. 29, 1999.

Linda Del Gallo, State Appellate Defender, and Martha J. Lucey, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, William E. Davis, County Attorney, and Troy Powell, Assistant County Intern, for appellee.

Considered by STREIT, P.J., and VOGEL and ZIMMER, JJ.

VOGEL, J.

Mark Mulvany appeals his conviction for witness tampering. We affirm.

**Background facts.** Mulvany had been previously arrested and charged with the harassment and stalking of Melody Skalla, mother of his three-year-old son. On March 12, 1998, Skalla was deposed by Mulvany's defense counsel. At approximately 3:00 a.m. on March 13th, Skalla claimed to have received a threatening phone call from Mulvany regarding her testimony to the pending charges against him. Skalla reported the incident to police, who charged Mulvany with witness tampering and harassment in the third degree for the March 13th incident. A jury found Mulvany guilty of both charges [1] and he now appeals.

---

1. The conviction of harassment in the third degree merged with the conviction of tamper-

*I. Preservation of error on the objection.* Mulvany first argues that the trial court erred in failing to sustain an objection to testimony from Skalla regarding the charges pending against him at the time of the March 13th incident. Although Mulvany's objection at trial was one of mere relevancy, he now argues that the evidence should also have been excluded under the "bad acts" provision of Iowa Rule of Evidence 404(b), and because the evidence was more prejudicial than probative. The State asserts that error has not been preserved on these latter arguments because Mulvany's counsel did not make a sufficiently specific objection at trial.

The testimony at issue was elicited during the State's direct examination of Skalla:

PROSECUTOR: Miss Skalla, have you had in the past some difficulties with the defendant?

SKALLA: Yes.

PROSECUTOR: And as a result of those difficulties, was Mr. Mulvany arrested by the Bettendorf Police Department?

SKALLA: Yes.

PROSECUTOR: Were charges filed?

SKALLA: Yes.

PROSECUTOR: In fact, pending against Mr. Mulvany were the case numbers entitled FECR207628 and FECR205298? Were those case pending against Mr. Mulvany?

SKALLA: Yes.

PROSECUTOR: Do you happen to know what types of charges those were?

DEFENSE COUNSEL: *Your Honor, I'm going to object to that question on the basis that the answer is irrelevant to the State's prosecution in this cause.*

TRIAL COURT: *Objection is overruled.*

ing with a witness.

SKALLA: Harassment and stalking.
(Emphasis added.)

It is incumbent upon the objecting party to lodge specific objections so the trial court is not left to speculate whether the evidence is in fact subject to some infirmity that the objection does not identify. *See State v. Taylor,* 310 N.W.2d 174, 177 (Iowa 1981) (citations omitted). Every ground of exception that is not particularly specified is considered abandoned. *Id.* (citation omitted). Therefore, a defendant may not announce an objection at trial and on appeal rely on a different objection to challenge an adverse ruling. *State v. Goodson,* 503 N.W.2d 395, 399 (Iowa 1993). Fairness and considerations of judicial economy dictate that we not consider a contention on appeal which the trial court never had the opportunity to consider. *See State v. Sanborn,* 564 N.W.2d 813, 815 (Iowa 1997); *State v. Hollins,* 397 N.W.2d 701, 707 (Iowa 1986); *State v. Martin,* 385 N.W.2d 549, 551 (Iowa 1986).

Prior case law does not clearly delineate when a simple relevancy objection is sufficient to preserve a more specific argument on appellate review. For example, some cases have held that a relevancy objection is sufficient to preserve the issue of the evidence's probative value in relation to the purpose for which it was offered. *See State v. Sallis,* 574 N.W.2d 15, 17 (Iowa 1998); *State v. Slayton,* 417 N.W.2d 432, 436 (Iowa 1987); *State v. Fuhrmann,* 257 N.W.2d 619, 625 (Iowa 1977). However, other cases have concluded that a relevancy objection is insufficient to preserve error on the issue of undue prejudice. *See State v. Sharpe,* 304 N.W.2d 220, 225 (Iowa 1981) (objection in the trial court on the ground of relevancy was insufficient to preserve error on the ground of unfair prejudice); *State v. Mark,* 286 N.W.2d 396, 410 (Iowa 1979)(objection to the relevancy and materiality of evidence was insufficient to preserve error on a theory of undue prejudice); *State v. Sparks,* 238 N.W.2d 777, 779 (Iowa 1976) (relevancy objection

at trial was not sufficient to preserve the issue of undue prejudice on appeal).

■ The record created at trial is largely determinative of whether the appellate courts have sufficient information to review a trial court's ruling. In this case, because Mulvany's objection was simplistically generic and immediately overruled, the prosecution was unable to make a record to support the relevancy of the evidence. Furthermore, had Mulvany made the 404(b) objection he now urges on appeal, the prosecution would have had the opportunity to present proof of Mulvany's prior acts to support admission of this evidence. Likewise, the court would have then been able to issue a ruling for our review. The only record before us reveals that Mulvany was on trial for harassing and tampering with a witness. The State had already presented testimony, without objection, which established that Skalla was a witness in a pending criminal action against Mulvany. Although we acknowledge the negative inference the jury could have drawn from the revelation of the particular charges, the potential for prejudice was not raised by defense counsel. Given the limited record made, we find the trial court did not abuse its discretion in overruling the relevancy objection. We further find that Mulvany's objection was insufficient to preserve error on the 404(b) argument.

**II. Ineffective assistance.** Mulvany next asserts that his counsel was ineffective in failing to object to additional testimony from Skalla and Sergeant Steve Bauer regarding his prior charges.

■ Generally, ineffective assistance of counsel claims are preserved for postconviction to allow trial counsel an opportunity to defend the charge. *State v. Pearson,* 547 N.W.2d 236, 241 (Iowa App.1996). We depart from this preference if the record on direct appeal is sufficient to evaluate the merits of a defendant's ineffective assistance of counsel claim. *Id.* If not, we preserve the claim for postconviction proceedings so the facts may be developed and the allegedly ineffective attorney may have the opportunity to explain his or her conduct. *See id.*

We find the record before us is insufficient to make a determination on these ineffective assistance claims, and therefore preserve them for postconviction proceedings.

Having considered all issues properly before us on appeal, we hereby affirm the conviction and sentence of Mark Mulvany.

**AFFIRMED.**