# IN THE COURT OF APPEALS OF IOWA

No. 4-030 / 13-0605
Filed April 30, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ALAN SCOTT LAWTON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, James S. Heckerman, Judge.

A defendant appeals following his conviction for second-degree theft challenging his counsel's effectiveness, the court's admission of evidence, and a defect in his sentence. **CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Joe Williams, Student Legal Intern, Matthew Wilber, County Attorney, and Amy Zacharias, Assistant County Attorney, for appellee.

Heard by Vogel, P.J., and Doyle and Mullins, JJ.

**MULLINS, J.**

Alan Lawton appeals following a jury's verdict finding him guilty of theft in the second degree.  He alleges on appeal that his attorney rendered ineffective assistance when he failed to challenge the search of Lawton's motel room as violating Lawton's Fourth Amendment rights.  He also claims the court erred in admitting into evidence a recording of a phone call made while Lawton was in the county jail.  Finally, he asserts the court erred in failing to articulate on the record the reasons for imposing the sentence it did.

**I.  Background Facts and Proceedings.**

On November 1, 2012, Officer Shawn Landon of the Council Bluffs Police Department was in the parking lot of a local motel running the license plates of the vehicles located there to see if any of the owners of the vehicles had outstanding warrants or if any car was stolen.  Officer Landon ran the license plate of a white Chevy pickup truck and found the license plate was not registered to that vehicle.  He called a tow company to unlock the door to the vehicle so that he could check the VIN number, as a glove covered the VIN in the front window.  When he ran the VIN number on the truck, a response came back that the truck had been reported stolen out of Omaha.

Officer Landon contacted the staff of the motel, who were able to direct him to the room where the people connected with that vehicle were staying.  Officers knocked on the motel room, and after several minutes, Jody Riddle,

Lawton's girlfriend, opened the door. Lawton was found in the motel bathroom and was eventually arrested.[1]

The case proceeded to trial on March 19, 2013. During trial the State offered a recording of a phone conversation recorded by the phone system of the county jail. The State called Stuart Delacastro, who offered testimony as to how the phone system worked and how he was able to retrieve this recording as associated with Lawton. Lawton's attorney voir dired the witness, who admitted he did not know for sure that Lawton made the phone call recorded. Lawton's attorney objected to the admission of the recording asserting, "It would not be relevant to this case." The court overruled the objection and admitted the phone recording. The phone call was not played for the jury until after Jody Riddle testified. Riddle admitted during her testimony that Lawton called her on March 3, the date of the recorded phone call. After Riddle was excused, the State asked to play the recording for the jury. Lawton's attorney objected on the basis that the State was attempting to "impeach their own witness" and it was "hearsay." The court again overruled the objections and played the recording for the jury. The recording was a conversation between Lawton and Riddle discussing the facts of the case.

---

[1] The trial information indicates Lawton was charged with two counts of theft in the second degree, possession of a controlled substance, and ongoing criminal conduct. However, Lawton was tried only on one count of second-degree theft, and the record is unclear what occurred with the other charges. Because the issues on appeal do not deal with the other charges, we will not address them further.

After Lawton took the stand to testify in his own defense, the case was submitted to the jury. The jury returned a verdict the next day finding Lawton guilty of second-degree theft. Lawton now appeals.

## II. Scope and Standards of Review.

Lawton's ineffective-assistance claim is reviewed de novo as it implicates his constitutional right to counsel under the Sixth Amendment. *See State v. Carter*, 602 N.W.2d 818, 820 (Iowa 1999). In order to prove counsel was ineffective, Lawton must show by a preponderance of the evidence that counsel failed to perform an essential duty and he suffered prejudice as a result. *See State v. Maxwell*, 743 N.W.2d 185, 196 (Iowa 2008).

With respect to his claim the court should not have admitted the recording of the phone call from the county jail, our review is for abuse of discretion. *State v. Weatherly*, 519 N.W.2d 824, 825 (Iowa Ct. App. 1994). We also review Lawton's challenge that the court failed to state on the record the reasons for imposing the sentence for an abuse of discretion. *State v. Oliver*, 588 N.W.2d 412, 414 (Iowa 1998). To prove an abuse of discretion, Lawton must show the court "exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Weatherly*, 519 N.W.2d at 825 (internal quotation marks and citations omitted).

## III. Ineffective Assistance—Search of Motel Room.

Lawton's first claim is that his attorney rendered ineffective assistance when the attorney failed to file a motion to suppress evidence obtained from a search of Lawton's motel room that violated Lawton's Fourth Amendment rights.

In support of his claim, Lawton seizes upon the following paragraph from the minutes of testimony attached to the trial information filed by the State

> Detective Elonich will testify that on November 1, 2012, while looking through motel room #23 at the Lake Manawa Inn Motel that was occupied by the Defendants . . . he noticed numerous tools and miscellaneous other items that appeared to be from burglaries. There was a Starcaster guitar with amplifier, laptop computer, portable DVD player, numerous cell phones and car chargers, etc. The title to Mr. Wilson's stolen Chevy pickup, along with some of his stolen tools was also found in the motel room that was occupied by the Defendants. Detective Elonich will testify that with this evidence he obtained a warrant for the additional charges of Theft in the Second Degree and Ongoing Criminal Conduct for the Defendants.

Lawton states he had a reasonable expectation of privacy in the motel room as he had been staying there with his girlfriend, Jody Riddle, for five days. Lawton asserts the search was conducted without a warrant and none of the exceptions to the warrant requirement apply.

Lawton admits in his brief that it is unclear from this record where he was arrested—inside or outside the hotel room—and when he was arrested—before or after this search. What is also unclear to this court is whether there was in fact a search. The minutes of testimony merely say Detective Elonich "noticed" tools and numerous items "while looking through motel room #23." This could be interpreted to mean that the tools and items were in plain view while Detective Elonich was inside the room to investigate who possessed the stolen vehicle in the parking lot.

The testimony of Detective Elonich at trial does not answer or clarify these factual questions. Detective Elonich admitted to taking pictures of the room which was "quite full of numerous items," but he stated he took the pictures just

to document the room and did not search through anything, "didn't look at serial numbers, didn't open purses. Just took photos." Detective Elonich identified the pictures he took that day, which were admitted into evidence without objection.

This challenged paragraph in the minutes of testimony mentions that some of the victim's stolen tools were found in the motel room. However, at trial, Detective Elonich testified he showed the victim the pictures taken from the room, and the victim identified certain items as belonging to him. The items identified were retrieved from the motel storage area after they were identified by the victim from the pictures taken, and the items were given back to the victim. The police did not "seize" the evidence at the time of the challenged search.

The same paragraph in the minutes of testimony also mentions that the title to the stolen vehicle was found in the motel room. However, elsewhere in the minutes of testimony it states the title was found by the motel manager while he was cleaning the room after the police and Lawton had left. In addition, at trial Officer Landon testified he received a call from the motel manager after they had left the scene asking him to return to the motel because the manager had found items in the room he wanted Officer Landon to see. Included in those items the manager gave to Officer Landon was the title to the stolen Chevy pickup. Thus, it appears the title was not in fact "noticed" by Detective Elonich as Lawton would have us believe from the wording of the paragraph in the minutes of testimony but discovered by the manager of the motel while cleaning the room after the officers had left. It was the manager who turned over the title to Officer Landon.

What is also unclear from this record is what evidence obtained from this alleged search by Detective Elonich was used against Lawton at trial. Lawton only claims in his brief that "police seized items that were eventually used in trial against him" and "further charges were brought following the discovery of the items." He never alleges what items in particular were illegally seized and used against him at trial. He mentions that the photographs taken by the officers were prejudicial to him because they showed "items that were stolen from the truck and a set of brass knuckles with a spike on one end."

While a defendant is certainly able, but not required, to raise an ineffective-assistance-of-counsel claim on direct appeal, most of the time, the record on direct appeal is insufficient to decide whether counsel breached an essential duty and whether prejudice results. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). Where the record is inadequate to address the claim, we preserve the claim for possible postconviction-relief proceedings where a fuller record can be developed. *Id.* Here, the record is clearly inadequate to address Lawton's claim. We are unable to determine whether counsel had a duty to file a motion to suppress based on the police officers' actions on November 1, 2012, nor can we determine whether Lawton suffered any prejudice as a result of the lack of a motion to suppress. We therefore preserve this claim for possible postconviction-relief proceedings.

## IV. Admission of Phone Conversation.

Next, Lawton claims the court should not have admitted the recording of the phone call made from the jail to Jody Riddle. He claims because the jail

administrator could not identify Lawton as the one making the call, there was "no showing that the recording was accurate or trustworthy as a telephone call made by [Lawton] at the time when the recording was admitted." He claims, had the court not admitted the phone call, he would not have taken the stand to testify in his own defense. Lawton asserts he felt the need to address the contents of the conversation so he testified.

Stuart Delacastro, the administrator of the county jail, testified the phone system at the jail records the phone calls as they are made. The inmates are given PINs to use when making a call or the jail can sell phone cards at a reduced cost to inmates. The system can then be searched by an inmate's name, the PIN used, or the phone card used. Delacastro stated he was asked to download the phone call in question and identified the CD and the report generated by the system. After the State offered the CD and report into evidence, Lawton's attorney requested to voir dire the witness.

> [Defense Counsel]. Sir, is there any way you know exactly who made that phone call? A. Only by the method I described earlier in searching by name or phone number.
> [Defense Counsel]. Okay. In this particular case, do you know that Alan Lawton made that phone call? A. I don't know that, sir.
> [Defense Counsel]: I would object to it then, Your Honor?
> THE COURT: Overruled.
> [Defense Counsel]: It would not be relevant to this case.
> THE COURT: Overruled.

The court confirmed the CD and report were admitted into evidence at that time. The recording was not played for the jury until after Jody Riddle testified. Jody confirmed that Lawton called her from the county jail on March 3, 2013, the date

the recording was made. When the State asked to play the recording for the jury, Lawton's counsel objected again:

> [Defense Counsel]: That's fine, Your Honor, but I—at this time, I move to—I am objecting to it on the basis of it is impeaching their own witness. She was here to testify. They could have asked her any questions. They chose not to. It's hearsay, and we don't think it should be admitted, Your Honor.
> THE COURT: Clearly overruled. But I just—I am seriously considering revisiting the ruling I made earlier with respect to redacting the contents of the—but let's proceed now. We will discuss it before the State rests.

No further discussion regarding the recording is contained in the record.[2]

The State claims on appeal Lawton failed to preserve error on this claim because his objection at trial was to relevance, not to the foundation of the exhibit. *See State v. Mulvany*, 603 N.W.2d 630, 632 (Iowa Ct. App. 1999) ("[A] defendant may not announce an objection at trial and on appeal rely on a different objection to challenge an adverse ruling."). In addition, even if defense counsel's objection could be interpreted as an attack on the foundation laid for the recording, the State argues Lawton failed to articulate at trial what aspect of the foundation was lacking as required by the rules. *See State v. Entsminger*, 160 N.W.2d 480, 482–83 (Iowa 1968) ("[R]eversible error may not be predicated upon this general objection that no proper foundation had been laid for admission of these exhibits. A party objecting to the offer of evidence for this reason must

---

[2] From the statement of the court, we can deduce that an off-the-record discussion regarding the recording occurred either sometime prior to or during the trial where certain parts were redacted from the recording. However, without further explanation in the record, we are unable to determine what ruling was made by the court and what objections to the recording may have been made by defense counsel.

point out in what particular or particulars the foundation is deficient so the adversary may have an opportunity to remedy the alleged defect, if possible.").

"The preservation of error doctrine is grounded in the idea that a specific objection to the admission of evidence be made known, and the trial court be given an opportunity to pass upon the objection and correct any error." *State v. Brown*, 656 N.W.2d 355, 361 (Iowa 2003).

> The general rule is that unless the reasons for an objection are obvious one attempting to exclude evidence whether the attempted exclusion is by objection or motion has the duty to indicate the specific grounds to the court so as to alert the judge to the question raised and enable opposing counsel to take proper corrective measures to remedy the defect, if possible.

*State v. Nimmo*, 247 N.W.2d 228, 231 (Iowa 1976) (internal quotation marks and citations omitted). The objecting party must "lodge specific objections so the trial court is not left to speculate whether the evidence is in fact subject to some infirmity that the objection does not identify." *Mulvany*, 603 N.W.2d at 632. The court considers a party to have abandoned "every ground of exception that is not particularly specified." *Id.* "Fairness and considerations of judicial economy dictate that we not consider a contention on appeal which the trial court never had the opportunity to consider." *Id.*

Our court has previously recognized that our case law is unclear as to when a simple relevancy objection will preserve a more specific argument on appeal. *See Mulvany*, 603 N.W.2d at 632 ("Prior case law does not clearly delineate when a simple relevancy objection is sufficient to preserve a more specific argument on appellate review."). When the recording was offered, defense counsel objected that the recording "would not be relevant to this case"

after questioning Delacastro about his knowledge of whether Lawton himself made the phone call. No further explanation of the objection was made on the record before the court overruled the objection. Because the "objection was simplistically generic and immediately overruled, the prosecution was unable to make a record to support the relevancy of the evidence." *Id.* at 633. Specifically, in this case the prosecution was not offered an opportunity prior to the exhibit's admission to present proof Lawton was the person who called Riddle. The prosecution could have easily provided the necessary proof, if the court had required, as Riddle testified later that she did receive a call from Lawton from the jail on the date the recording was made. In addition, we note the recording identifies the caller as "Alan," it is clear the other speaker is Riddle, and they discuss the facts of the case along with Riddle's proposed testimony.

Given the limited record made on counsel's objection to the admission of the recording, we conclude counsel failed to preserve error on his claim that the State failed to prove the recording was "accurate and trustworthy." The objections of hearsay and improper impeachment were made after the court admitted the exhibit and therefore were too late to preserve error on those grounds. We find no abuse of the district court's discretion in admitting the recording.

**V. Sentencing.**

Finally, Lawton asserts the district court abused its discretion during sentencing when it failed to state on the record the reasons for the sentence imposed. A court must state on the record its reasons for selecting a particular

sentence. *See State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010) (citing Iowa Rule of Criminal Procedure 2.23(3)(d)). A statement is sufficient even if it is "terse and succinct" so long as we can review the exercise of the trial court's discretion. *Id.*

At sentencing, the district court, after hearing arguments from both counsel and asking Lawton if there was anything he wished to say, made the following statement on the record:

> THE COURT: All right. It will be the judgment and sentence of the court that in the theft charge in case number FECR048594 that the Defendant be sentenced to a term not to exceed 15 years in the custody of the Director of the Department of Correctional Services. The IMCC at Oakdale is hereby designated as the reception center.
> With respect to the probation in case number FECR047367, the Defendant's probation in that case is hereby revoked and the five-year sentence previously suspended is reinstated and the Court will order that sentence be served concurrently. And the reason for that, a, primarily is I don't think that it really makes a bit of difference. I think effectively the enhancement added 10 years, to add another five years to what we've already done, I think especially with a mandatory three-year sentence that that requires I don't think it's going to make any difference whatsoever.

We also look to the sentencing order to see if sufficient reasons for the sentence imposed are supplied. *State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001). The sentencing order in this case does not provide any reasons for the sentence imposed. The State concedes the district court did not supply the necessary reasons for imposing the sentence and asks that the sentence be vacated and the case remanded for resentencing. Upon our review of the record, we agree. We vacate the sentence imposed and remand this case for resentencing.

**VI. Conclusion.**

Because we find the record on direct appeal inadequate to address Lawton's ineffective-assistance claim, we preserve that claim for possible postconviction-relief proceedings. We find Lawton failed to preserve error on his claim the court erred in admitting the recording of the phone conversation. Finally, we agree the district court abused its discretion in failing to articulate on the record the reasons for the sentence imposed, so we vacate Lawton's sentence and remand for resentencing.

**CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.**