# IN THE COURT OF APPEALS OF IOWA

No. 19-1439
Filed August 18, 2021

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**VICTOR HENRY SCALCO, JR.,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Calhoun County, Kurt J. Stoebe, Judge.

　　The defendant appeals his convictions for domestic abuse assault causing bodily injury and false imprisonment. **AFFIRMED.**

　　Martha J. Lucey, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

　　Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

　　Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**SCHUMACHER, Judge.**

Victor Scalco Jr. appeals his convictions for domestic abuse assault causing bodily injury and false imprisonment. The district court did not abuse its discretion in ruling on evidentiary objections during the criminal trial. Also, the court did not abuse its discretion by denying defense counsel's objection during closing arguments. Scalco's claims of ineffective assistance of counsel cannot be raised in this direct appeal. We do not adopt the plain error doctrine. Accordingly, we affirm Scalco's convictions.

## I.     Background Facts & Proceedings

H.C. testified that she had a sexual relationship with Scalco. She stated that on May 2, 2019, Scalco hit her repeatedly on the head. H.C. told Scalco she wanted to leave, but he said, "No. You're not leaving." When H.C. tried to leave, Scalco picked her up and put her back in the house. Eventually, Scalco took H.C. to her home. H.C. went to the hospital, where she was diagnosed with a concussion and bruises. Scalco was charged with domestic abuse assault causing bodily injury, in violation of Iowa Code section 708.2A(2)(b) (2019), and false imprisonment, in violation of section 710.7.

Prior to trial, the State filed a motion requesting a hearing pursuant to Iowa Rule of Evidence 5.104(a) to determine whether H.C. could testify that she had been assaulted by Scalco on two prior occasions—once in December 2018 and once in March 2019. The State argued the evidence is relevant to show Scalco's motive and intent. A rule 5.104(a) hearing was held on July 9, 2019, immediately before the trial. H.C. testified about the two prior incidents. The court ruled the evidence is relevant to show intent and is admissible.

Scalco denied having a sexual relationship with H.C., striking her, or restraining her. He claimed H.C. invented the incident to get back at him because he did not want to be in a relationship with her. He had no explanation for her injuries. After Scalco's testimony, the State called H.C. as a rebuttal witness. The court overruled Scalco's objection to an audio recording of a discussion between H.C. and Scalco. The jury found Scalco guilty of domestic abuse assault causing bodily injury and false imprisonment.

Scalco filed a motion in arrest of judgment, claiming (1) the court erred by admitting evidence of prior bad acts; (2) the court erred in admitting only one page of H.C.'s medical record submitted by the State; (3) the audio recording was unfairly prejudicial; and (4) the court improperly told the jury not to consider their observations of Scalco during the trial. The State resisted the motion. The court denied the motion in arrest of judgment. Scalco was sentenced to serve one year in prison on each charge, to be served consecutively. He now appeals.

## II.	Evidentiary Rulings

We review the district court's evidentiary rulings for an abuse of discretion. *State v. Fontenot*, 958 N.W.2d 549, 555 (Iowa 2021). We will reverse the court's ruling if it is "clearly untenable or clearly unreasonable." *State v. Goodson*, 958 N.W.2d 791, 798 (Iowa 2021). "A ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *Fortune v. State*, 957 N.W.2d 696, 703 (Iowa 2021).

The court's hearsay rulings are reviewed for the correction of errors at law. *State v. Dudley*, 856 N.W.2d 668, 675 (Iowa 2014). The "admission of hearsay evidence is prejudicial to the nonoffering party unless the contrary is shown." *State*

*v. Elliott*, 806 N.W.2d 660, 667 (Iowa 2011). If hearsay evidence is merely cumulative to other evidence in the record, it is not prejudicial. *State v. Neitzel*, 801 N.W.2d 612, 623 (Iowa Ct. App. 2011).

**A.** Scalco contends the district court abused its discretion by admitting evidence of prior bad acts. He claims the court should have denied the State's request to present H.C.'s testimony concerning the two previous incidents of domestic violence because the prejudicial nature of the evidence is outweighed by its probative value.

Rule 5.404(b) provides:

> (1) *Prohibited use.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2) *Permitted uses.* This evidence may be admissible for another purpose such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

In order to be admissible under rule 5.404(b), evidence of prior bad acts "must be probative of 'some fact or element in issue other than the defendant's criminal disposition.'" *State v. Taylor*, 689 N.W.2d 116, 123 (Iowa 2004) (citation omitted). If the evidence is relevant, "the court must then decide if its probative value is *substantially* outweighed by the danger of unfair prejudice to the defendant." *Id.* at 124. "Unfair prejudice arises when the evidence would cause the jury to base its decision on something other than the proven facts and applicable law, such as sympathy for one party or a desire to punish a party." *Id.*

The district court ruled the evidence is "probative of intent and motive and also probative of the nature of the relationship." Under rule 5.404(b)(2), evidence

of prior bad acts, such as incidents of domestic violence, may be admissible to show motive and intent. "[E]vidence of prior bad acts is especially relevant and probative in domestic violence cases because of the cyclical nature of domestic violence." *Id.* at 128 n.6. On the issue of prejudice, we find the evidence is not of a type that would "prompt the fact finder to make a decision based on an emotional response to the defendant." *Id.* at 130. We conclude the district court did not abuse its discretion by ruling that the evidence is admissible.

**B.** During defense counsel's cross-examination of H.C., she was questioned about whether she told hospital personnel that Scalco was her boyfriend. H.C. testified she was not sure, and defense counsel presented her with the first page from her medical records. After looking over the page, H.C. stated the medical record showed she had described Scalco as her boyfriend.

During the testimony of Megan Warrick, a registered nurse, the State asked the court to admit Exhibit 7, the first page of H.C.'s medical record. Warrick testified she created the first page of H.C.'s medical record based on H.C.'s statements about the assault. Defense counsel raised a hearsay objection. The State pointed out that the jury already knew about the exhibit because defense counsel used it to cross-examine H.C. The court cited the "doctrine of fairness" and stated that "based on the questions that were asked of the complaining witness, after reviewing the medical record, which she had never seen, the court finds that the medical record can be admitted." Because the court found the exhibit is admissible under the doctrine of fairness, the court did not rule on Scalco's hearsay objection to the exhibit.

Defense counsel then asked for the admission of the entirety of H.C.'s medical record from her treatment related to the assault. The State resisted because the medical record contained evidence of H.C.'s drug use and mental health, which the court had already ruled is not admissible. The court ruled that only the first page of the medical record would be admitted.

On appeal, Scalco contends the district court abused its discretion by ruling the first page of H.C.'s medical record is admissible. He claims the court improperly applied the doctrine of fairness.[1] The Iowa Supreme Court noted the doctrine of fairness while discussing a case concerning the waiver of attorney-client privilege where an employer intended to offer evidence to show its attorney conducted an investigation into complaints of sexual discrimination. *Fenceroy v. Gelita USA, Inc.*, 908 N.W.2d 235, 243–44 (Iowa 2018) (citing *Harding v. Dana Transport, Inc.*, 914 F. Supp. 1084, 1096 (D.N.J. 1996)). The case states:

> Consistent with the *doctrine of fairness*, the plaintiffs must be permitted to probe the substance of [the employer's] alleged investigation to determine its sufficiency. Without having evidence of the actual content of the investigation, neither the plaintiffs nor the fact-finder at trial can discern its adequacy.

*Id.* at 244 (emphasis added) (quoting *Harding*, 914 F. Supp. at 1096). The evidentiary rules are "designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *State v. Countryman*, 573 N.W.2d 265, 266 (Iowa 1998).

---

[1] Scalco asserts the court actually relied upon the doctrine of completeness under rule 5.106(a). *See State v. Huser*, 894 N.W.2d 472, 507 ("[T]he rule of completeness in Iowa Rule of Evidence 5.106 might be characterized as posing an open-the-door concept."). Neither the parties nor the court mentioned the doctrine of completeness or rule 5.106(a). We will rely on the court's statement that it was applying the doctrine of fairness.

Defense counsel used the first page of H.C.'s medical record while cross-examining her. The court did not abuse its discretion by ruling the page of the medical record already discussed in the record is admissible. The exhibit contained H.C.'s statements to Warrick, a nurse, while H.C. was seeking medical treatment for her injuries. *See State v. Smith*, 876 N.W.2d 180, 185–86 (Iowa 2016) (discussing Iowa R. Evid. 5.803(4), the hearsay exception for medical diagnosis or treatment). The statements in the exhibit are cumulative to the evidence presented by H.C.'s testimony. Evidence that is merely cumulative is not prejudicial. *State v. Plain*, 898 N.W.2d 801, 813 (Iowa 2017). The admission of Exhibit 7 is not unfairly prejudicial to Scalco.

Scalco additionally contends the district court should have admitted the remainder of H.C.'s medical record related to the assault. He has not advanced an argument concerning the relevance of the remainder of the medical record. The medical record contained references to H.C.'s drug use and mental health, which the court had determined is not admissible. We conclude the court did not abuse its discretion in ruling the remainder of the medical record is not admissible.

**C.** During the State's cross-examination of Scalco, the following exchange took place:

> Q. You never once told [H.C.] that she needed to learn how to listen and it—you talked about that? A. [H.C.] was not my girlfriend.
> Q. That's—. A. I did not talk to her and tell her what she had to do or tell her what I expected from her. That wasn't the type of relationship we had. I was there for her as a friend. She's like a sister to me.
> Q. I think you've said that. Now answer my question. A. No.
> Q. If I have a recording of this conversation, would that change your mind? A. Let's hear it. Let's hear what you have. Let's hear what you have.

Scalco also testified that he was aware H.C. would sometimes record their conversations.

H.C. gave rebuttal testimony after Scalco testified. The State offered Exhibit 22 during her testimony, which is an audio recording of a conversation between H.C. and Scalco. H.C. testified she recorded the conversation on her cell phone. Scalco objected on the grounds of relevance, prejudice, and foundation. The court overruled Scalco's objections, and the recording was played for the jury.

Scalco asserts that the district court abused its discretion by admitting Exhibit 22. He first claims the State did not lay a proper foundation for the admission of the exhibit. "The test in Iowa for recorded conversations is whether 'evidence established that it is accurate and trustworthy.'" *State v. Weatherly*, 519 N.W.2d 824, 826 (Iowa Ct. App. 1994) (citation omitted). H.C. stated the voices on the recording were Scalco and herself. The recording was about four or five minutes long. H.C. stated there was about a minute or two of conversation before she started recording, and she testified about this part of the conversation. H.C.'s testimony "demonstrates what was recorded is accurate." *See id.* at 827. We conclude there is an adequate foundation for the exhibit.

Scalco also contends the audio recording is not relevant. He further contends that even if the recording is relevant, it is more prejudicial than probative. Because Scalco was charged with domestic abuse assault, the question of the nature of his relationship with H.C. was at issue. *See* Iowa Code §§ 708.2A(1), 236.2(2). Scalco testified H.C. was not his girlfriend and they did not have a sexual or romantic involvement. The State could then present rebuttal evidence "that explains, repels, controverts, or disproves evidence produced by the opposing

party." *See State v. Weaver*, 608 N.W.2d 797, 806 (Iowa 2000). The recorded conversation was relevant to show the nature of H.C. and Scalco's relationship. Furthermore, we do not find the exhibit is unduly prejudicial. *See Taylor*, 689 N.W.2d at 123 (noting "[u]nfair prejudice arises when the evidence would cause the jury to base its decision on something other than the proven facts and applicable law").

"The trial court has considerable discretion in admitting rebuttal evidence." *Weaver*, 608 N.W.2d at 806. "We will only disturb such a ruling on a showing of clear abuse of discretion." *Id.* We conclude that the district court did not abuse its discretion by admitting Exhibit 22.

### III. Closing Arguments

No evidence was presented during the trial as to whether H.C.'s injuries were caused by a right-handed or left-handed person, or whether Scalco was right or left-handed. In closing arguments, defense counsel stated:

> But—and there's one more thing. You all have sat here, listened to an entire jury trial, watching—well, maybe you're watching us. I don't know, but you've seen Victor the entire jury trial writing with his left hand. He's a left-handed man. When you look at these pictures, this is an injury on the left side of her face. This is an injury caused by a right-handed person or something on the left side. And then here's a picture of the injury on the right side of her face. It's not consistent.

In the prosecutor's rebuttal arguments, the following occurred:

> Prosecutor: Now the extent of her injuries. Did Mr. Scalco sit in this chair and say he was left-handed? No, he didn't. That's not evidence you can consider.
> Defense Counsel: I would object to that also. They've observed Mr. Scalco all week.
> The Court: Objection's sustained—or the objection's overruled.
> Prosecutor: So you don't get to consider that.

Scalco claims the district court's ruling on his objection meant the jurors could not consider their own observations. He states the court's ruling is in conflict with Instruction No. 7, which told the jurors to "[c]onsider the evidence using your observations, common sense, and experience." He asserts that this confusion caused the jury to decide the case on an improper basis.

We determine the district court's ruling did not cause confusion for the jury or prejudice to Scalco. The court's ruling did not mean the jurors could not consider their observations; the ruling was specific to defense counsel's objection to the prosecutor's statement that Scalco had not produced evidence to show he is left-handed. Defense counsel's statements during closing arguments attempted to introduce evidence outside the record, and the prosecutor properly pointed this out during rebuttal closing arguments. *See State v. Phillips*, 226 N.W.2d 16, 16 (Iowa 1975) (finding counsel "has no right to create evidence by his [closing] argument").

We conclude the district court did not abuse its discretion by overruling Scalco's objection to the prosecutor's statement.

## IV.     Ineffective Assistance

Scalco claims he received ineffective assistance because defense counsel did not object to the marshalling instruction for domestic abuse assault causing bodily injury. He contends the jury could have found he was guilty based on an "intimate relationship" under section 236.2(2)(e) when this is not a type of domestic relationship included under section 708.2A(1).

The State responded that section 814.7 (Supp. 2019) prohibited Scalco from making a claim of ineffective assistance of counsel on direct appeal. Section 814.7 provides:

> An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822. The claim need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes, and the claim shall not be decided on direct appeal from the criminal proceedings.

Scalco claims section 814.7 violates his due process rights, his equal protection rights, and interferes with his right to the effective assistance of counsel. He asserts the statute improperly restricts the jurisdiction of appellate courts.

These issues were recently addressed by the Iowa Supreme Court in *State v. Treptow*, where the court denied the defendant's equal protection challenges to section 814.7. 960 N.W.2d 98, 106–07 (Iowa 2021). The court also found, "The right to the effective assistance of appellate counsel where direct appeal is available does not create an entitlement to direct appeal as a matter of right and a further entitlement to present any and all claims on direct appeal as a matter of right." *Id.* at 107. In addition, "There is no due process right to present claims of ineffective assistance of counsel on direct appeal." *Id.* at 108.

We conclude that based on section 814.7, Scalco cannot raise his claims of ineffective assistance of counsel in this direct appeal. Such claims must be raised in postconviction relief proceedings. *See* Iowa Code § 814.7; *State v. Watson*, No. 20-1333, 2021 WL 2452049, at *3 (Iowa Ct. App. June 16, 2021).

Alternatively, Scalco asks the court to adopt a plain error rule. The Iowa Supreme Court has declined to adopt a plain error rule. *See State v. Martin*, 877

N.W.2d 859, 866 (Iowa 2016) ("[W]e have repeatedly declined 'to abandon our preservation of error rules in favor of a discretionary plain error rule.'" (citation omitted)). The Iowa Court of Appeals is not "at liberty to overturn Iowa Supreme Court precedent." *Nationwide Agribusiness Ins. Co. v. PGI Int'l*, 882 N.W.2d 512, 518 n.4 (Iowa Ct. App. 2016). We conclude the plain error rule should not be applied.

We affirm Scalco's convictions.

**AFFIRMED.**