# IN THE COURT OF APPEALS OF IOWA

No. 21-1949
Filed September 21, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JACOB EUGENE HANSEL,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Washington County, Lucy J. Gamon, Judge.

Jacob Eugene Hansel appeals his convictions for possession with intent to deliver and failure to affix a drug tax stamp. **AFFIRMED.**

Theresa J. Seeberger, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Bower, C.J., Tabor, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**SCOTT, Senior Judge.**

When officers executed an outstanding arrest warrant for Jacob Eugene Hansel, Hansel was discovered to have three baggies of methamphetamine, four empty baggies, a scale for measuring methamphetamine and paraphernalia for ingesting the substance, and $1177. A jury found him guilty of possession with intent to deliver methamphetamine, over five grams, and failure to affix a drug tax stamp. On appeal, Hansel asserts a deputy's testimony included inadmissible prior "bad acts" testimony. The State argues this claim is not preserved for review. We agree.

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

> Error preservation is important for several reasons: (1) it affords the district court an opportunity to avoid or correct error that may affect the future course of the trial; (2) it provides the appellate court with an adequate record for review; and (3) it disallows sandbagging— that is, it does not "allow a party to choose to remain silent in the trial court in the face of error, tak[e] a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable."

*State v. Crawford*, 972 N.W.2d 189, 199 (Iowa 2022) (alteration in original) (citations omitted). "When we speak of error preservation, all we mean is that a party has an obligation to raise an issue in the district court and obtain a decision on the issue so that an appellate court can review the merits of the decision actually rendered." *Id.* at 198.

In *State v. Mulvany*, 603 N.W.2d 630, 632 (Iowa Ct. App. 1999), this court found the defendant's relevancy objection at trial did not preserve his argument on appeal that evidence also should have been excluded under Iowa Rules of

Evidence 5.403 and 5.404(b). There, we stated, "It is incumbent upon the objecting party to lodge specific objections so the trial court is not left to speculate whether the evidence is in fact subject to some infirmity that the objection does not identify." When a specific ground is not presented, error is not preserved. *Id.*

At trial here, Deputy Kirk Bailey testified his suspicions were aroused when he went to a convenience store at about 3:00 a.m. on October 1, 2019, and encountered Hansel and a woman in the store. He testified:

> A. Usually when I go in, you know, somebody will make eye contact and nod or say hi or something simple, you know, and [Hansel] wouldn't look up from his coffee, and he kept stirring his coffee the whole time.
> Q. The whole time you were there? A. Correct.
> Q. What did you do then? A. I checked out and bought whatever I bought and then went out the back into the north side of the building, got in my car, drove around the building, and then saw [the woman] by the vehicle. So I got the license plate from the vehicle and then asked dispatch to run a license plate check on the vehicle.
> . . . .
> Q. And what popped up? A. Came back that the vehicle was associated with Jacob Hansel and that he had, like, numerous warrants—one for assault—
> [DEFENSE COUNSEL]: Your Honor.
> Q. [(PROSECUTOR)] That's enough. Thank you. When there is a warrant, what do you do after that, generally? A. I asked dispatch to send me a picture of Mr. Hansel, which they then did, and it was the same subject that was in the Kum & Go.

Hansel asserts on appeal, "Though the exact word 'objection' wasn't spoken, it's clear that by interrupting testimony, defense counsel was objecting to the improper testimony." It is far from clear what was meant by defense counsel. Trial counsel made no objection, made no further record, and did not ask to strike testimony. The trial court made no ruling. We have nothing to review; thus, we affirm.

**AFFIRMED.**