STATE of Iowa, Appellee,

v.

Raymond Lee COUNTRYMAN, Appellant.

No. 96–509.

Supreme Court of Iowa.

Jan. 21, 1998.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Ann E. Brenden, Assistant Attorney General, John P. Sarcone, County Attorney, and Nan Horvat, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and SNELL, JJ.

HARRIS, Justice.

We find no merit in any of defendant Raymond Lee Countryman's three assignments of error in this appeal following his conviction on two counts of first-degree murder in violation of Iowa Code sections 707.1 and 707.2 (1995). We therefore affirm.

Countryman was charged together with his wife Darla Countryman for the murders of Madelyne Miletich and her sister Dorothy Miletich. Darla was convicted in a separate trial and we affirmed those convictions. *State v. Countryman*, 572 N.W.2d 553, 562 (Iowa 1997). Necessary facts relating to the killings are set forth in that opinion and will not be repeated here.

I. Two of this defendant's assignments challenge the trial court's refusal to

admit his proffered evidence of polygraph test results. Defendant sought to blame two other individuals for the killings. Those individuals submitted to polygraph examinations during which, the examiner determined, there was no attempt to deceive. The examiner however concluded as to one of the individuals that the test result was what he termed "a false negative," and was therefore inaccurate. Because of this conclusion defendant offered polygraph test results of that individual and also those of a companion (thought to be truthful) into evidence. The offer was rejected.

In offering this highly equivocal summary of the polygraph examination, defendant challenges our long-established rule that results of a polygraph examination are not admissible except on stipulation. *State v. McNamara*, 252 Iowa 19, 29, 104 N.W.2d 568, 574 (1960). Since *McNamara* we have repeatedly refused to change this holding. *See State v. Losee*, 354 N.W.2d 239, 242 (Iowa 1984). Inadmissibility in the absence of a stipulation is grounded on the fact that polygraph tests are not established or shown to be reliable. *Id.; State v. Hall*, 297 N.W.2d 80, 84–85 (Iowa 1980). Defendant nevertheless asks us to re-examine the *McNamara* holding.

If we were ever inclined to re-examine our rule excluding polygraph evidence, it most assuredly would not be in a case such as the present one. Defendant's challenge would do a good deal more than stand the foregoing cases on their heads. Nearly every polygraph evidence case is a challenge to the admission, not the rejection, of such evidence. It would be an extreme and strange rule to *require* admission. Past challenges to the admission of polygraph evidence have generally been focused on the general rule that the issue of admissibility is tested for an abuse of discretion. *See In Interest of S.J.M.*, 539 N.W.2d 496, 500 (Iowa App.1995).

We reject defendant's challenge. The assignment is without merit.

■ II. Defendant also raises a due process challenge under the fourteenth amendment to the United States Constitution to the same evidentiary ruling excluding the evidence of the polygraph test. We have

long held there is no due process right to present evidence which is inadmissible under prevailing rules of evidence. This rule is premised on the ground that "[i]t has not been demonstrated that this field has been subjected to the standards, policing and discipline which are necessary in a science involving such pretentious and awesome subject matter." *State v. Conner*, 241 N.W.2d 447, 459 (Iowa 1976). "A defendant's due process right to present evidence in a criminal action does not prevent the court from following evidentiary rules that are designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Losee*, 354 N.W.2d at 242 (quoting *Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297, 313 (1973)). This principle applies to polygraph evidence based on the same rationale: the underlying rulings of inadmissibility are based on legitimate evidentiary rules regarding reliability and fairness. *See id.; State v. Marti*, 290 N.W.2d 570, 586 (Iowa 1980); *Conner*, 241 N.W.2d at 458.

We are unwilling to depart from this view. The evidence was, for the reasons explained in the previous division, inadmissible, fatally undermining the constitutional challenge. This assignment is also without merit.

■ III. Defendant contends he was entitled to dismissal of the prosecution because of a violation of his right to a speedy trial under Iowa rule of criminal procedure 27(2)(b).

He was charged by trial information August 11, 1995. To comply with the rule's ninety-day period, trial would have had to commence November 9, 1995. At a September 21, 1995, pretrial conference it was clear that neither party would be ready within the ninety-day period. Defendant, after unequivocally agreeing in court to a waiver, filed what he now considers a limited one. It provided as follows:

> The undersigned, being fully advised of all rights conferred upon him by the constitution of the United States and the constitution of the State of Iowa and those provided in rule 27(2)(b) of the Iowa Criminal Code, hereby waives his right to a trial

within ninety (90) days after the indictment is found and hereby makes application to postpone said trial specifically to January 16, 1996, a date to be agreed upon by the county attorney's office and defendant's counsel of record.

Defendant grounds his speedy trial claim on the fact that trial started February 12, 1996, after the January 16 trial date he requested in his waiver.

The State defends against this assignment on three bases:

1. The waiver was not conditioned or limited, but rather was unequivocal with the January 16 trial date only a request;

2. Iowa law does not recognize a "limited" speedy trial waiver; and

3. There was good cause for the delay during the short period following January 16 in that the time was necessary in large part to process motions by defendant and his wife. Without suggesting any views on the State's second ground of defense, we reject the assignment on the basis of the State's first and third grounds.

All assignments are without merit.

**AFFIRMED.**