# IN THE COURT OF APPEALS OF IOWA

No. 13-1323
Filed December 24, 2014

**JOHN COLLINS ANDERSON,**
       Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
       Respondent-Appellee.
_____

Appeal from the Iowa District Court for Wapello County, Daniel P. Wilson, Judge.

An applicant appeals the district court's denial of his postconviction-relief application. **AFFIRMED.**

Gary Dickey of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Lisa L. Holl, County Attorney, and Gary E. Oldenburger, Assistant County Attorney, for appellee State.

Heard by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VAITHESWARAN, J.**

The State charged John Anderson with two counts of sexual exploitation of a minor. *See* Iowa Code § 728.12 (2009). Eventually, the State agreed to dismiss one count and Anderson agreed to a stipulated trial on the minutes of testimony as to the second count. The district court found Anderson guilty and imposed sentence, including a ten-year special sentence mandated by Iowa Code section 903B.2.[1] This court affirmed Anderson's judgment and sentence on direct appeal. *See State v. Anderson*, No. 10-0787, 2011 WL 1376731, at *2– 3 (Iowa Ct. App. Apr. 13, 2011).

Anderson filed an application for postconviction relief. He alleged (I) he "was not advised of the special sentence upon conviction at the time he waived his due process rights" and (II) he "has taken a polygraph examination, the results of which indicate that he did not participate in the criminal conduct giving rise to his conviction."

The district court reviewed the first assertion under an ineffective-assistance-of-counsel rubric. The court found no recognized duty by a lawyer "to advise a defendant of his potential sentence prior to his waiver of his right to a jury trial" and no precedent holding such advice was "necessary to effectuate a knowing, voluntary, and intelligent waiver" of his right to a jury trial. Regardless,

---

[1] Iowa Code section 903B.2 states a person convicted under section 728.12 shall also be sentenced

> to a special sentence committing the person into the custody of the director of the Iowa department of corrections for a period of ten years, with eligibility for parole as provided in chapter 906. . . . The special sentence imposed under this section shall commence upon completion of the sentence imposed under any applicable criminal sentencing provisions for the underlying criminal offense and the person shall begin the sentence under supervision as if on parole or work release.

the court found Anderson failed to prove prejudice on this claim. As for the second assertion, the court excluded the proffered polygraph report after citing precedent holding "polygraph examination reports are generally inadmissible except by stipulation." This appeal followed.

## I. Ineffective Assistance—Duty to Inform of Special Sentence

Anderson contends "because [his] trial counsel failed to advise him of the ten-year special sentence under section 903B.2, his jury waiver and stipulation to a trial on the minutes of testimony must be set aside." To prevail, Anderson must show his attorney breached an essential duty and prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Anderson's argument is premised on our rule requiring a court to advise a defendant of the maximum possible sentence prior to accepting a guilty plea. *See* Iowa R. Crim. P. 2.8(2)(b)(2). In this context, the court's discussion would necessarily include information on the section 903B.2 sentence, if applicable. *See State v. Hallock*, 765 N.W.2d 598, 604–06 (Iowa Ct. App. 2009) (holding district court had obligation to inform Hallock of the section 903B.2 special sentence before accepting his *Alford* plea, and counsel failed to perform an essential duty in failing to seek correction of this omission). Anderson acknowledges he did not enter a guilty plea but asserts "[t]hese constitutionally required procedural safeguards were equally implicated in this case because [his] jury waiver and stipulation to the minutes of testimony was solely for the purpose of preserving his appellate rights."

The Iowa Supreme Court was not persuaded by a similar contention. In *State v. Everett*, 372 N.W.2d 235, 236–37 (Iowa 1985), the court canvassed

authority from other jurisdictions, then held "[t]he better rule emerging from these authorities rejects any due process requirement to undertake a guilty plea colloquy prior to accepting a stipulated factual record." *Everett*, 372 N.W.2d at 237. The court reasoned as follows:

> The stipulation here did allow the admission of overwhelming evidence of defendant's guilt. But it still remained for the finder of fact to determine whether the elements of the offense were shown beyond a reasonable doubt. Defendant had a chance of an acquittal. *Moreover, as the State points out, the appellate consequences after a conviction based on a stipulation differ from what they would have been following a guilty plea. This defendant could and did appeal.*

*Id.* (emphasis added). In short, the defendant's right to appeal was deemed a reason for declining to require a guilty-plea style colloquy in connection with a stipulated trial on the minutes of testimony.

More broadly, *Everett* confirms guilty plea proceedings are not the same as stipulated trials on the minutes of testimony and the provisions governing one do not apply to the other. *Compare* Iowa R. Crim. P. 2.8(2)(b) *with* 2.17(1). While rule 2.8 requires a discussion of the maximum possible punishment in the guilty plea context, a colloquy in a stipulated trial on the minutes of testimony need only establish that the defendant "voluntarily and intelligently waives a jury trial." Iowa. R. Crim. P. 2.17(1); *State v. Liddell*, 672 N.W.2d 805, 813 (Iowa 2003) (requiring court to "ascertain whether the defendant understands the difference between jury and non-jury trials, through an in-court colloquy" and setting forth five considerations).

*Everett* is dated, but our courts have retained this distinction between guilty plea proceedings and stipulated trials on the minutes of testimony. *See*

*State v. Nikkel*, 597 N.W.2d 486, 488 (Iowa 1999) (noting distinction but reversing and remanding after finding record too confusing to determine which type of procedure was used); *State v. Sayre*, 566 N.W.2d 193, 195–96 (Iowa 1997) (rejecting defendant's assertion that "stipulation was tantamount to a plea of guilty requiring a colloquy to ensure the plea was intelligently and voluntarily given, but reversing and remanding in the absence of compliance either with the guilty plea colloquy requirements or the jury waiver requirements); *State v. Johnson*, No. 12-1620, 2013 WL 3871077, at *2 (Iowa Ct. App. Jul. 24, 2013) (discussing *Everett* and the distinction between a stipulated trial on the minutes and a guilty plea); *Bass v. State*, No. 09-0407, 2009 WL 5125501, at *4 (Iowa Ct. App. Dec. 30, 2009) (same).

We turn to the record in this case. On our de novo review, we find Anderson's trial attorney failed to inform Anderson of the section 903B.2 special sentence. But he had no duty to do so in the context of a stipulated trial on the minutes of testimony, nor did he have an obligation to insist on a district court discussion of the special sentence.

Our analysis arguably could end here. However, we feel compelled to address certain similarities between this case and *Nikkel* and *Sayre*, both of which resulted in reversals of the defendants' convictions. As in those cases, the court here used terminology implicating guilty plea proceedings. For example, the court's order imposing judgment and sentence was styled "written plea" and referred to "the defendant's plea" and "plea of guilty." We must decide whether this interspersing of guilty-plea language triggers the rule 2.8 requirement to discuss the maximum possible sentence or, at a minimum, requires reversal and

remand to clarify the record. *See Nikkel*, 597 N.W.2d at 488; *Sayre*, 566 N.W.2d at 196.

In *Nikkel* and *Sayre*, the district court failed to comply with the procedures mandated in guilty plea proceedings or the procedures mandated for waiver of jury trials. *Id.* Here, in contrast, the district court followed the jury-trial waiver procedures. *See* Iowa R. Crim. P. 2.17(1). In an on-the record proceeding, the court first cited the State's "plea agreement"[2] to dismiss one count of the trial information. The court then explained that the second count would "proceed to bench trial on the minutes." The court next engaged in a detailed colloquy concerning Anderson's waiver of his right to a jury trial, which conformed to the requirements of rule 2.17(1). The court ended by asking, "so it is your free and voluntary decision to go ahead and waive your right to a jury trial and proceed to a bench trial on the minutes as is contained in Count II of the trial information?" Anderson responded, "It is, Your Honor."

The court's written sentencing order confirmed this procedure. Notwithstanding the stray guilty-plea language, the order referred to a "bench trial" and afforded Anderson the right to appeal. In sum, the confusion precipitating reversal in *Nikkel* and *Sayre* is not present here.

We conclude Anderson's attorney did not breach an essential duty in failing to advise Anderson of the special sentence or insist the court engage in a colloquy about his sentence. Accordingly, his ineffective-assistance-of-counsel claim fails.

---

[2] In effect, this was not a plea agreement but a unilateral decision by the prosecutor to dismiss the count.

## II. Exclusion of Polygraph Test

During the postconviction hearing, Anderson offered a polygraph testing report for the purpose of showing "in a roundabout way that this was a weak case." The district court declined to admit it. Anderson now contends the court should have considered the report because (A) he was required to take the test as a condition of his probation and (B) "he did not offer the report as evidence of his truthfulness" but "to illustrate how he was substantially disadvantaged by his trial counsel's error." We are not persuaded by either contention.

As the district court explained, polygraph test results are inadmissible in Iowa courts absent a stipulation. *Dykstra v. Iowa Dist. Ct*, 783 N.W.2d 473, 485 (Iowa 2010) (noting Iowa Supreme Court exercises supervisory authority to prohibit use of unstipulated exams in Iowa courts); *State v. Losee*, 354 N.W.2d 239, 242 (Iowa 1984). The fact the State required Anderson to take the test in connection with his treatment does not mean the State waived any objection to having the test result admitted in a court of law. *See Reilly v. Iowa Dist. Ct*, 783 N.W.2d 490, 498-99 (Iowa 2010) (stating "[i]t is not improper for [the Iowa Department of Corrections] to consider polygraph examinations administered as part of treatment to make decisions regarding whether an inmate's participation was satisfactory and whether the inmate should be removed" and noting test was not used for "adjudicative fact-finding"); *State v. Conner*, 241 N.W.2d 447, 459–60 (Iowa 1976) ("[T]he issue of admissibility of polygraph evidence is no more in the hands of the adversary than is the issue of admissibility of any evidence to which an adversary may lodge a valid objection.").

As for Anderson's contention that the test result was probative on the *Strickland* prejudice prong, there is no way of assessing its probative value without considering the evidence for the truth of the matter asserted. On this score, "[t]he fact that the test results tend to be exculpatory does not remove the taint that renders such evidence inadmissible." *Losee,* 354 N.W.2d at 242. We discern no abuse of discretion in the district court's decision to exclude the polygraph evidence. *See State v. Countryman*, 573 N.W.2d 265, 266 (Iowa 1998) (setting forth standard of review).

We affirm Anderson's judgment and sentence for sexual exploitation of a minor.

**AFFIRMED.**