# IN THE COURT OF APPEALS OF IOWA

No. 18-1123
Filed March 20, 2019

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**JEFFREY PETERSON,**
　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

Jeffrey Peterson appeals the judgment and sentence entered after pleading guilty to possession of controlled substance with intent to deliver, second offense. **AFFIRMED.**

Matthew R. Metzgar of Rhinehart Law, P.C., Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Jeffrey Peterson was arrested after police found a bag of methamphetamine in the vehicle he was traveling in during a traffic stop. Although Peterson denied the methamphetamine belonged to him, he admitted to selling methamphetamine earlier that day. The State charged Peterson with possession of more than five grams of methamphetamine with intent to deliver as a second offender and a tax-stamp violation. *See* Iowa Code §§ 124.401(1)(b)(7), 124.411, 453B.3, 453B.12 (2017). Peterson pled guilty to possession of five grams or less of methamphetamine with intent to deliver as a second offender. *See* Iowa Code §§ 124.401(1)(c)(6), 124.411. The district court accepted his plea and sentenced Peterson to a term of not more than twelve years in prison.

### I. Ineffective Assistance of Counsel.

On appeal, Peterson first challenges the knowing and voluntary nature of his guilty plea. He raises this claim under an ineffective-assistance-of-counsel rubric, alleging his counsel was ineffective by failing to file a motion in arrest of judgment to challenge the knowing and voluntary nature of his plea. *See State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017) (stating a defendant's failure to file a motion in arrest of judgment waives right to challenge guilty plea on direct appeal unless it results from ineffective assistance of counsel). In order to prove ineffective assistance, he is required to show "there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Id.* at 402 (citation omitted). Counsel breaches an essential duty by failing to file a motion in arrest of judgment when a defendant's plea was not knowing and voluntary. *See State v. Straw*, 709 N.W.2d 128, 134

(Iowa 2006). Prejudice is established if the record shows a reasonable probability that the defendant would not have entered a plea and would have insisted on going to trial if counsel had not breached that duty. *See id.* at 138.

Iowa Rule of Criminal Procedure 2.8(2)(b) details what the trial court must do to ensure a plea is knowing and voluntary. *See State v. Everett*, 372 N.W.2d 235, 236 (Iowa 1985). In determining whether the requirements of rule 2.8(2)(b) have been met, "we apply the substantial compliance standard." *Weitzel*, 905 N.W.2d at 406. In other words, "the essence" of each requirement must be expressed. *Id.* (citation omitted).

Peterson first alleges the district court failed to advise him adequately concerning the rights he was waiving before he entered his plea and showed a factual basis for it. Although rule 2.8(2)(b) requires the court to inform a defendant of the rights being waived, there is no requirement that this occur before the defendant enters the plea. Rather, the court is required to inform the defendant of the waiver of these rights before it *accepts* the guilty plea. *See* Iowa R. Crim. P. 2.8(2)(b) (stating the court must ascertain the defendant's understanding of the rights being waived "[b]efore accepting a plea of guilty"). Although Peterson informed the court he was pleading guilty before the court engaged in the full colloquoy, the court did not accept the plea until after reviewing with Peterson the rights he was waiving. Counsel had no duty to object on this basis.

Peterson also alleges that the court failed to advise him regarding the elements of either the underlying offense or the sentencing enhancement. However, "the court need not review and explain each element of the crime *if* it is 'apparent in the circumstances the defendant understood the nature of the

charge.'" *State v. Loye*, 670 N.W.2d 141, 151 (Iowa 2003) (citation omitted). Instead, the court need only ensure the defendant understands "[t]he nature of the charge to which the plea is offered." Iowa R. Crim. P. 2.8(2)(b). The transcript of the plea proceeding demonstrates the court ensured Peterson understood the nature of the offense by asking Peterson to explain in his own words what he did that made him guilty of possession of less than five grams of methamphetamine with the intent to deliver. The court confirmed that Peterson had reviewed the minutes of evidence and did not object to the court considering it in determining a factual basis for the plea. Finally, the court reviewed the requirements for the sentencing enhancement, ascertaining that Peterson understood the State was alleging he was "convicted on July 20, 2000, in Polk County of the crime of conspiracy to manufacture a controlled substance," that the crime was a felony offense, and that he was represented by an attorney during the course of that case. The record shows the court complied with the requirement that Peterson understand the nature of the offense to which he was pleading guilty.

Finally, Peterson argues the court failed to conform to the procedure to ensure a defendant who stipulates to a prior conviction for the purpose of a sentencing enhancement does so knowingly and voluntarily. *See State v. Harrington*, 893 N.W.2d 36, 45-46 (Iowa 2017). Generally, the court should follow the same protocol used to ensure a guilty plea is knowing and voluntary as set forth in rule 2.8(2)(b). *See id.* at 45. Although Peterson argues the best practice would be for the court to bifurcate the plea proceeding with one hearing for the underlying offense and one hearing for the sentencing enhancement, he cites no authority for this proposition.

Peterson is correct that although the district court apprised him of the rights he was waiving by pleading guilty, the court made no specific statements concerning his rights with regard to the sentencing enhancement. Specifically, the court did not inform Peterson he was entitled to a separate trial on the sentencing enhancement. Even assuming the court failed to substantially comply with the requirements set forth in *Harrington*, we are unable to determine on the current record whether Peterson was prejudiced by counsel's failure to file a motion in arrest of judgment on this basis. Accordingly, we preserve this claim for a postconviction proceeding. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("If the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration, the court of appeals should not consider the claim, but it should not outright reject it."); *see also State v. Gomez*, No. 17-1851, 2018 WL 5840530, at *2 (Iowa Ct. App. Nov. 7, 2018) (preserving for potential postconviction-relief proceedings claim plea colloquy for operating while intoxicated (OWI), third offense, was deficient concerning prior OWI convictions).

**II. Sentence.**

Peterson also challenges his sentence. We review sentencing decisions for correction of errors at law. *See State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). An abuse of discretion occurs when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *Id.* (citation omitted). "A ruling is untenable when the court bases it on an erroneous application of law." *Id.*

Peterson argues the court abused its discretion by failing to consider a suspended sentence "with imprisonment in a residential treatment facility,"

claiming "a sentence in the residential treatment facility constitutes 'imprisonment.'" In support of his claim, he cites *In re A.H.B.*, 791 N.W.2d 687, 690 (Iowa 2010), in which our supreme court determined that for the purposes of Iowa Code section 600A.8(9) (providing the court may terminate parental rights if the parent "has been imprisoned for a crime against the child"), the term "imprisonment" includes detention in a residential facility. In reaching that result, the supreme court considered both the language of section 600A.8 and the statute's apparent purpose. *A.H.B.*, 791 N.W.2d at 689-90. The court determined that applying a broader definition of the term "imprisonment" helped achieve the statute's goal of protecting children from sexually abusive parents. *Id.* at 690.

Applying the definition of "imprisonment" used in *A.H.B.* to Iowa Code section 124.401E would result in an illogical construction when the statute is read as a whole. *Compare* Iowa Code § 124.401E(1) (stating that upon a first conviction for possession with intent to deliver, the court "may suspend the sentence, and the court may . . . order the person to be assigned to a community-based correctional facility for a period of one year or until maximum benefits are achieved, whichever is earlier"), *with id.* § 124.401E(3) (requiring the court to sentence a second or subsequent offender to imprisonment). In interpreting statutes, we seek to avoid untoward results in favor of sensible and practical interpretation. *See State v. Hoyman*, 863 N.W.2d 1, 13-14 (Iowa 2015). The plain language of section 123.401E indicates that the term imprisonment means a prison sentence. The district court did not abuse its discretion in refusing to consider a suspended sentence.

We affirm Peterson's conviction and sentence.

**AFFIRMED.**